Jonathan L. Hauser
VSB No. 18688
TROUTMAN SANDERS LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7768
Facsimile: (757) 687-1505

*Proposed Attorneys for the Debtor and
Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BEAR ISLAND PAPER COMPANY, L.L.C.,[1] | ) Case No. 10-_____ (\_\_\_) |
| | ) |
| Debtor. | ) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING
CERTAIN ATTORNEYS FROM KIRKLAND & ELLIS LLP
TO APPEAR AND PRACTICE *PRO HAC VICE* ON BEHALF OF THE DEBTOR**

Jonathan L. Hauser, a partner in the law firm Troutman Sanders LLP (the "Movant"), a member in good standing of the Bar of the Commonwealth of Virginia and the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"), hereby moves the Court, pursuant to this motion (the "Motion"), for the entry of an order (the "Order"), substantially in the form of **Exhibit A**, attached hereto, authorizing: (a) Richard M. Cieri, a partner in the law firm of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022; (b) Christopher J. Marcus, a partner in the law firm of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022; (c) Michael A. Cohen, a partner in the law firm of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022; (d) Adam

---

[1] The last four digits of the Debtor's federal tax identification number are 0914. The principal address for the Debtor is 10026 Old Ridge Road, Ashland, Virginia 23005.

Goldstein, an associate in the law firm of Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654; and (e) Richard M. Goldman, an associate in the law firm of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (collectively, the "Admittees") to appear and practice *pro hac vice* on behalf of Bear Island Paper Company, L.L.C. ("Bear Island" or "Debtor") in the above-captioned case and any related adversary litigation pursuant to Rule 2090-1(E)(2) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"). In support of this Motion, the Movant states as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

3. By this Motion, the Movant seeks an order authorizing the Admittees to appear and practice *pro hac vice* on behalf of the Debtor.

4. Richard M. Cieri is a member in good standing of the Bar of the State of New York and is admitted to practice before the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against him.

5. Christopher J. Marcus is a member in good standing of the Bar of the State of New York and is admitted to practice before the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against him.

6. Michael A. Cohen is a member in good standing of the Bar of the States of New York and Connecticut and is admitted to practice before the United States District Court for the

Eastern and Southern Districts of New York. There are no disciplinary proceedings pending against him.

7. Adam Goldstein is a member in good standing of the Bar of the State of Illinois and is admitted to practice before the United States District Court for the Northern District of Illinois. There are no disciplinary proceedings pending against him.

8. Richard M. Goldman is a member in good standing of the Bar of the State of New York and is admitted to practice before the United States District Court for the Eastern, Southern and Western Districts of New York. There are no disciplinary proceedings pending against him.

9. Pursuant to Local Bankruptcy Rule 2090-1(E)(2), "an attorney from another state, the District of Columbia or a territory of the United States may appear and practice in cases *pro hac vice* before this court upon motion of a member of the Bar of this Court, provided that in all appearances said attorney shall be accompanied by a member of this Bar."

### Waiver of Memorandum of Points and Authorities

10. The Debtor respectfully request that the Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### Notice

11. The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent under the Debtor's proposed postpetition financing agreement; (d) counsel to the agent under the First Lien Term Loan Agreement; (e) counsel to the agent

under the Second Lien Term Loan Agreement; (f) counsel to the agent under the Revolving ABL Agreement; (g) counsel to counterparties under the Swap Agreements; (h) the monitor appointed in the CCAA Cases;[2] (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; (k) the Virginia Secretary of State; and (l) the Virginia Secretary of Treasury. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

---

[2] Simultaneously with the commencement of this chapter 11 case, the Debtor's indirect parent -- White Birch Paper Holding Company -- and ten of WB Holding's direct and indirect Canadian subsidiaries have sought relief under the *Companies' Creditors Arrangement Act* in the Quebec Superior Court of Justice in Montreal, Quebec, Canada (the "CCAA Cases").

WHEREFORE, for the reasons set forth herein, the Movant respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Admittees to appear and practice *pro hac vice* on behalf of the Debtor and (b) granting such other and further relief as is just and proper.

Dated: February 24, 2010
Richmond, Virginia

*/s/ Jonathan L. Hauser*
Jonathan L. Hauser
VSB No. 18688
TROUTMAN SANDERS LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7768
Facsimile: (757) 687-1505

*Proposed Attorneys for the Debtor and Debtor in Possession*

**Exhibit A**

**Proposed Order**

Jonathan L. Hauser
VSB No. 18688
TROUTMAN SANDERS LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone:      (757) 687-7768
Facsimile:      (757) 687-1505

*Proposed Attorneys for the Debtor and
Debtor in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BEAR ISLAND PAPER COMPANY, L.L.C.,[1] | ) ) | Case No. 10-_____ (___) |
| Debtor. | ) ) ) |  |

## ORDER AUTHORIZING CERTAIN ATTORNEYS
## FROM KIRKLAND & ELLIS LLP TO APPEAR AND
## PRACTICE *PRO HAC VICE* ON BEHALF OF THE DEBTOR

Upon the motion (the "Motion")[2] of Jonathan L. Hauser, Esq, a partner in the law firm of Troutman Sanders LLP, for the admission *pro hac vice* of: (a) Richard M. Cieri, a partner in the law firm of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022; (b) Christopher J. Marcus, a partner in the law firm of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022; (c) Michael A. Cohen, a partner in the law firm of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022; (d) Adam Goldstein, an associate in the law firm of Kirkland & Ellis LLP, 300 North LaSalle Street,

---

[1]  The last four digits of the Debtor's federal tax identification number are 0914. The principal address for the Debtor is 10026 Old Ridge Road, Ashland, Virginia 23005.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Chicago, Illinois 60654; and (e) Richard M. Goldman, an associate in the law firm of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022; and the Court having found that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion, having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted in its entirety.

2. Richard M. Cieri, Christopher J. Marcus, Michael A. Cohen, Adam Goldstein and Richard M. Goldman are authorized to appear and practice *pro hac vice* as counsel to the Debtor in the above-captioned chapter 11 case.

3. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010        _____
      Richmond, Virginia                              United States Bankruptcy Judge

I ASK FOR THIS:

 */s/ Jonathan L. Hauser*
Jonathan L. Hauser
VSB No. 18688
**TROUTMAN SANDERS LLP**
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Telephone:    (757) 687-7768
Facsimile:    (757) 687-1505

*Proposed Attorneys for the Debtor and
Debtor in Possession*

### CERTIFICATION OF ENDORSEMENT
### UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

   */s/ Jonathan L. Hauser*