**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:                                                    )
                                                          )
BEAR ISLAND PAPER COMPANY, L.L.C.,     )          Case No. 10-31202 (DOT)
                                                          )
                        Debtor.                   )          Chapter 11
_____        )

**ORDER CLARIFYING REQUIREMENT TO PROVIDE ACCESS**
**TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

Upon the Motion[1] filed by the Official Committee of Unsecured Creditors (the

"Committee") of Bear Island Paper Company, L.L.C. (the "Debtor") for entry of an order**,**

**effective as of March 3, 2010, the date upon which the Committee was appointed,** pursuant

to sections 105(a), 107(b), and 1102(b)(3)(A) of title 11 of the United States Code (as amended,

the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), ~~clarifying the requirement of~~**confirming that** the Committee **is not**

**required** to provide access to Confidential Information or Privileged Information to creditors,

the Court finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, (b) this is a core matter pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this chapter 11

---

[1]     Capitalized terms used herein that are not otherwise defined shall have the meanings set
        forth in the Motion.

Benjamin C. Ackerly, Esq.
Tyler P. Brown, Esq.
Jason W. Harbour, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel:  (804) 788-8674
Fax: (804) 788-8218
backerly@hunton.com
tpbrown@hunton.com
jharbour@hunton.com

*Proposed Counsel for the Official Committee of Unsecured*
*Creditors of Bear Island Paper Company, L.L.C.*

case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409, and notice of the Motion

was sufficient under the circumstances. The Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein, and it appearing

that the relief requested is in the best interests of the Debtor's estate, its creditors and other

parties in interest;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    No committee appointed in this case shall be required pursuant to Bankruptcy

Code section 1102(b)(3)(A) to provide access to any Confidential Information[2] to any creditor it

represents, except as explained below.

3.    No committee appointed in this case shall be required pursuant to Bankruptcy

Code section 1102(b)(3)(A) to provide access to any Privileged Information[3] to any creditor it

represents, except as explained below. Nonetheless, any committee appointed shall be permitted,

---

[2]     For purposes of this Order, the term "Confidential Information" shall mean (i)
        information identified **either orally or in writing** as "Confidential" (or similar
        identification) and (ii) information contained in the virtual data room maintained for the
        Debtor by IntraLinks; provided, however, that "Confidential Information" does not
        include information which: (a) is already in the Committee's possession; provided,
        however, that the source of such information was not known by the Committee to be
        bound by a confidentiality agreement with, or other contractual, legal or fiduciary
        obligation of confidentiality to, the Debtor or any other person with respect to such
        information, (b) is or becomes generally available to the public on a non-confidential
        basis other than as a result of disclosure by Committee, (c) becomes available to the
        Committee on a non-confidential basis from a source other than the Debtor or its advisors
        if such source is not known by the Committee to be bound by a confidentiality agreement
        with, or other obligation of secrecy to, the Debtor or another party, or (d) is developed by
        the Committee except to the extent that Confidential Information is included,
        incorporated, conveyed or referenced therein.

[3]     For purposes of this Order, the term "Privileged Information" shall mean information that
        has been identified as being subject to the attorney-client or some other state, federal, or
        other jurisdictional law privilege, whether such privilege is solely controlled by the
        Committee or is a joint privilege with the Debtor, the WB Canadian Group or some other
        party.

but not required, to provide access to Privileged Information to any party so long as (a) such

Privileged Information is not Confidential Information, and (b) the relevant privilege is held and

controlled solely by the Committee.

4.       The Committee shall implement the following protocol for providing access to

information for creditors ("Creditor Information Protocol") in accordance with section

1102(b)(3)(A) and (B) of the Bankruptcy Code.  The Committee shall, until the earliest to occur

of dissolution of the Committee, dismissal, or conversion of this chapter 11 case, and a further

order of the Court, set up and maintain a website.  For the sake of efficiency and economy and

ease of access by creditors, the Committee proposes to keep creditors informed as required by

the statute by directing them to a website it shall maintain with specific links for Committee

reports and case information.  Further, in fulfillment of its obligation to solicit and receive

comments from general unsecured creditors as set forth in subsection 1102(b)(3)(B), the

Committee's website information page(s) will include contact information for the Committee's

counsel, including an email address to allow unsecured creditors to send questions and comments

in connection with the case.

5.       Privileged and Confidential Information.  The Committee shall not be required to

disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15)

of the Bankruptcy Code, "Entity"): (i) without further order of the Court, Confidential

Information or (ii) Privileged Information.

6.       Any information received (formally or informally) by the Committee from any

Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure or in connection with any formal or informal discovery in any contested

matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery.

**7.** **Neither the Debtor, the Committee or any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "Exculpated Parties") shall have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the preparation and dissemination of information to be provided pursuant to section 1102(b)(3) of the Bankruptcy Code, unless and to the extent that any such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence or willful misconduct, including, without limitation, fraud and criminal misconduct or the breach of any confidentiality agreement or Order, including the Committee's bylaws. Without limiting the foregoing, such exculpation is to be coextensive with any Exculpated Party's qualified immunity under applicable law.**

**8.** 7. The Debtor shall assist the Committee in identifying any Confidential Information concerning the Debtor that is provided by the Debtor or its agents or professionals, or by any third party, to the Committee, its agents and professionals.

**9.** 8. Creditor Information Requests. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or

Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102 (b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled.  The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information**, provided, however, that such log or index shall not contain any Confidential Information and/or Privileged Information that is not to be disclosed pursuant to the terms of this Order**. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or Privileged Information.

**10.**    9. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether (a) the Requesting Creditor is willing to agree to reasonable confidentiality restrictions; and (b) under the particular facts, such agreement will reasonably protect the confidentiality of such information; provided, however, that **(i)** if the Committee elects to provide access to Confidential Information on the basis of such confidentiality restrictions, the Committee shall have no responsibility for the Requesting

Creditor's compliance with, or liability for violation of, applicable law**; and (ii) for the avoidance of doubt the Committee shall not disclose Confidential Information of the Debtor except in accordance with the following paragraph**.  Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

**11.**    ~~10.~~ Release of Confidential Information of Third Parties.  In addition, if the Information Request implicates Confidential Information of the Debtor (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee ~~may~~**shall be required to** demand (the "Demand") for the benefit of the Debtor's creditors: (a) if the Confidential Information is information of the Debtor, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtor, stating that such information will be disclosed in the manner described in the Demand unless the Debtor objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand under 11 U.S.C. § 704(a)(7); and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtor's counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtor may schedule a hearing with the Court seeking a ruling with respect to the Demand.

**12.** ~~11.~~ Nothing in the Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

**13.** ~~12.~~ Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not to provide access, to any information of the Debtor to any party except as explicitly provided herein.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**14.** ~~13.~~

This Court shall retain jurisdiction to hear and determine all matters arising from or related to the

implementation of this Order.

Dated:  Richmond, Virginia
           _____ ___, 2010

                                           _____
                                           United States Bankruptcy Judge


WE ASK FOR THIS:

HUNTON & WILLIAMS LLP

*Jason W. Harbour*_____
Tyler P. Brown, Esq. (VSB No. 28072)
Benjamin C. Ackerly, Esq. (VSB No. 09120)
Jason W. Harbour, Esq. (VSB No. 68220)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel:  (804) 788-8674
Fax: (804) 788-8218

*Proposed Counsel for the Official Committee*
*of Unsecured Creditors of Bear Island Paper Company, LLC*

## LOCAL RULE 9022-1 CERTIFICATION

       I hereby certify that the foregoing has been served upon all necessary parties pursuant to the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 59] entered in this case.

                                         *Jason W. Harbour*_____
                                         Jason W. Harbour, Esq. (VSB No. 68220)
                                         HUNTON & WILLIAMS LLP
                                         Riverfront Plaza, East Tower
                                         951 East Byrd Street
                                         Richmond, Virginia 23219
                                         Tel:  (804) 788-8674
                                         Fax: (804) 788-8218

                                         *Proposed Counsel for the Official Committee of*
                                         *Unsecured Creditors of Bear Island Paper*
                                         *Company, LLC*

Document comparison done by Workshare DeltaView on Wednesday, March 17, 2010 5:51:37 PM

| Input: | |
| --- | --- |
| Document 1 | interwovenSite://EMF_US/HW_US/30239836/1 |
| Document 2 | interwovenSite://EMF_US/HW_US/30239836/3 |
| Rendering set | H&W |

| Legend: | |
| --- | --- |
| **Insertion** | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
| --- | --- |
| | Count |
| Insertions | 11 |
| Deletions | 10 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 21 |