| | |
|---|---|
| Jonathan L. Hauser | Richard M. Cieri (admitted *pro hac vice*) |
| VSB No. 18688 | Christopher J. Marcus (admitted *pro hac vice*) |
| TROUTMAN SANDERS LLP | Michael A. Cohen (admitted *pro hac vice*) |
| 222 Central Park Avenue | KIRKLAND & ELLIS LLP |
| Suite 2000 | 601 Lexington Avenue |
| Virginia Beach, Virginia 23462 | New York, New York 10022-4611 |
| Telephone: (757) 687-7768 | Telephone: (212) 446-4800 |
| Facsimile: (757) 687-1505 | Facsimile: (212) 446-4900 |

*Attorneys for the Debtor and
Debtor in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | )  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| BEAR ISLAND PAPER COMPANY, L.L.C.,[1] | ) |
| | ) Case No. 10-31202 (DOT) |
| Debtor. | ) |
| | ) |

**BEAR ISLAND PAPER COMPANY, L.L.C.'S STATEMENT
IN RESPONSE TO (A) APPLICATION FOR ORDER
AUTHORIZING RETENTION AND EMPLOYMENT OF HUNTON &
WILLIAMS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS AND (B) APPLICATION
FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF BORDEN LADNER GERVAIS LLP AS SPECIAL CANADIAN
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Bear Island Paper Company, L.L.C., as a debtor and debtor in possession ("Bear Island" or "Debtor"), respectfully submits this statement in response ("Statement in Response") to (a) *Application for Order Authorizing Retention and Employment of Hunton & Williams LLP* ("Hunton") *as Counsel to the Official Committee of Unsecured Creditors* [Docket No. 173] (the "Hunton Application") and (b) *Application for Order Authorizing Retention and Employment of*

---

[1] The last four digits of the Debtor's federal tax identification number are 0914. The principal address for the Debtor is 10026 Old Ridge Road, Ashland, Virginia 23005.

*Borden Ladner Gervais LLP* ("Borden") *as Special Canadian Counsel to the Official Committee of Unsecured Creditors* [Docket No. 182] (the "Borden Application," and, together with the Hunton Application, the "Applications"). In support of the Statement in Response, the Debtor respectfully states as follows:

**Background**

1. On February 24, 2010, Bear Island filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which commenced the above-captioned chapter 11 case.

2. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 3, 2010, the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 90] (the "Committee") and the Committee was reconstituted on April 6, 2010 [Docket No. 184].

4. On March 31, 2010, the Court entered the *Final Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. § 364, (II) Authorizing the Debtor's Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and (III) Granting Adequate Protection to Prepetition Debt Lenders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364* [Docket No. 171] (the "Final DIP Order").

5. The Final DIP Order authorized the Debtor, among other things, to enter into the Postpetition Credit Agreement[2] and obtain the financing it needed to operate its business and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Final Dip Order.

2

administer this chapter 11 case.  The Postpetition Credit Agreement requires that the Debtor submit a budget (the "Budget") to the Postpetition Lenders that includes the fees and expenses incurred by, among other things, the retained professionals for the Committee.  In addition, the Postpetition Credit Agreement requires that the Budget be approved by the Postpetition Lenders and requires that the Debtor use the proceeds of the loan and collateral only "in a manner consistent with the Approved Budget."  (See ¶¶ 4.1(s) and 5.10(a) DIP Credit Agreement).

6. The Hunton Application and Borden Application were filed on April 1, 2010, and April 5, 2010, respectively.

7. As of the date hereof, the Debtor understands that neither Hunton nor Borden has reached an agreement with the Postpetition Lenders on the amount of their respective fees to be included in the Budget.

**Statement in Response**

8. The Debtor does not object to the Committee's retention of Hunton and Borden. The Debtor, however, reserves all rights with respect to the payment of the reasonable fees and expenses of Hunton and Borden to ensure that the Debtor is in compliance with the Budget as required under the Postpetition Credit Agreement and Final DIP Order.

|  |  |
|---|---|
| Dated: April 13, 2010<br>Richmond, Virginia | **BEAR ISLAND PAPER COMPANY, L.L.C.**<br><br>By: */s/ Jonathan L. Hauser*<br>      Of Counsel |

Jonathan L. Hauser, Esquire
VSB No. 18688
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, Virginia 23462
Telephone:    (757) 687-7768
Facsimile:    (757) 687-1505

    - and -

Richard M. Cieri (admitted *pro hac vice*)
Christopher J. Marcus (admitted *pro hac vice*)
Michael A. Cohen (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Attorneys for the Debtor and
Debtor in Possession*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was sent either electronically or by first class mail, postage prepaid, this 13th day of April, 2010, to all necessary parties.

      */s/ Jonathan L. Hauser*