Jonathan L. Hauser
VSB No. 18688
TROUTMAN SANDERS LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, Virginia 23462
Telephone:     (757) 687-7768
Facsimile:     (757) 687-1505

*Attorneys for the Debtor and
Debtor in Possession*

Richard M. Cieri (admitted *pro hac vice*)
Christopher J. Marcus (admitted *pro hac vice*)
Michael A. Cohen (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BEAR ISLAND PAPER COMPANY, L.L.C.,[1] | ) | Case No. 10-31202 (DOT) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## ORDER (A) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING FOR CLAIMS PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE; (B) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (C) APPROVING NOTICE OF THE BAR DATES

Upon the motion, dated April 30, 2010 (the "Motion"),[2] of Bear Island Paper

Company, L.L.C., as a debtor and debtor in possession ("Bear Island" or "Debtor"), for entry of

an order (the "Order") that:  (a) establishes the Bar Dates for filing proofs of claim, including for

claims pursuant to section 503(b)(9) of the Bankruptcy Code; (b) approves the form and manner

for filing proofs of claim; and (c) approves notice of the Bar Dates, all as more fully set forth in

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the

---

[1]  The last four digits of the Debtor's federal tax identification number are 0914.  The principal address for the
Debtor is 10026 Old Ridge Road, Ashland, Virginia 23005.

[2]  All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Debtor having provided adequate notice of the Motion and the opportunity for a hearing on the Motion under the particular circumstances; and the Court having reviewed the Motion and heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent provided herein.

### Procedures for Filing Proofs of Claim

**A.      Bar Dates**

**(i)      General Bar Date**

2.      Except as otherwise provided herein, each person or entity that asserts a claim[3] against the Debtor that arose (or is deemed to have arisen) against the Debtor before the Petition Date must file proofs of claim, including claims that are or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code, substantially in the form as the Claim Form attached hereto as **Exhibit 1**.[4] Except in certain cases explicitly set forth herein, all proofs

---

[3]      Except as otherwise defined herein or in the Motion, all terms used in this Bar Date Order that are specifically defined in the Bankruptcy Code shall have the meanings ascribed by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]      Copies of the Claim Form may be obtained by: (i) calling the Debtor's restructuring hotline at (888) 232-0287; (ii) visiting the Debtor's restructuring website, available at: www.gardencitygroup.com/cases/bip; and/or

of claim must be filed so that they are **actually** **received** at the applicable address and in the form set forth herein on or before **July 6, 2010 at 5:00 p.m. prevailing Eastern Time**.

      **(ii)**     **Governmental Bar Date**

      3.     All governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) that arose (or are deemed to have arisen) against the Debtor before the Petition Date must file proofs of claim, substantially in the form as the Claim Form attached hereto as **Exhibit 1**, so that they are **actually** **received** at the applicable address and in the form set forth herein on or before **August 23, 2010 at 5:00 p.m. prevailing Eastern Time**.

      **(iii)**    Amended Schedule Bar Date

      4.     In the event the Debtor amends the Schedules, claimants holding claims affected by the amendment must file proofs of claim with respect to such claims by the later of (a) the General Bar Date or (b) 30 days from the date on which the Debtor provides notice of the amendment to the Schedules.

      **(iv)**     **Rejection Bar Date**

      5.     Any holder of a claim arising from the Debtor's rejection of an unexpired lease or executory contract <u>must</u> file a proof of claim by the later of (a) the General Bar Date or (b) 30 days from the date of the entry of an order authorizing the Debtor to reject such an unexpired lease or executory contract (or another time period as may be set forth in the applicable rejection order).

**B.**     **Delivery of Proofs of Claim by the Bar Dates**

      6.     All proofs of claim must be **actually** **received** by GCG on or before the General Bar Date or the Governmental Bar Date. Except certain cases explicitly set forth herein, in the

---

(iii) writing to The Garden City Group, Inc., Attn.: Bear Island Claims Processing, P.O. Box 9550, Dublin, Ohio 43017-4850.

K&E 16818131.2

event that proofs of claim are not actually received by GCG on or before the General Bar Date or the Governmental Bar Date, the holders of the underlying claims shall be forever barred from asserting such claims against the Debtor, as more fully discussed in paragraph 9 below.

**C.      Parties Required to File Proofs of Claim**

7.      The Debtor proposes that the following persons or entities holding claims against the Debtor arising (or deemed to have arisen) before the Petition Date be required to file proofs of claim on or before the General Bar Date:

(i)      any person or entity whose claim against the Debtor is not listed in the Debtor's Schedules or is listed on such Schedules as contingent, unliquidated or disputed;

(ii)     any person or entity who desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

(iii)    any person or entity who believes that their claim is improperly classified in the Debtor's Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount; and

(iv)     any person or entity asserting an administrative expense claim under section 503(b)(9) of the Bankruptcy Code or an administrative priority claim under section 507(a) of the Bankruptcy Code.

**D.      Parties Not Required to File Proofs of Claim**

8.      The following persons or entities holding claims that would otherwise be subject to the General Bar Date need <u>not</u> file proofs of claim:

(a)      any person or entity that has already filed a signed proof of claim against the Debtor with either GCG or the Clerk of the Court in a form substantially similar to Official Form 10;

(b)      any person or entity whose claim is listed on the Schedules, but only if (i) such claim is not scheduled as contingent, unliquidated or disputed and (ii) the claimant agrees with the amount, nature and priority of the claim as set forth on the Debtor's Schedules;

(c)      a holder of a claim that has been previously allowed by order of the Court;

K&E 16818131.2

(d)     a holder of a claim that has been paid in full by the Debtor or any other party;

(e)     a holder of a claim for which a specific deadline has been previously fixed by the Court;

(f)     an affiliate of the Debtor holding an intercompany claim, whether in the Chapter 15 Cases, CCAA Cases or otherwise;

(g)     any current officer, director or employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business; provided, however, that a current employee must submit a proof of claim by the applicable Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation and/or claims covered by the Debtor's workers' compensation insurance;

(h)     a customer of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business pursuant to an existing customer program; provided, however, that a customer must submit a proof of claim by the applicable Bar Date if its claim relates to damages arising from claims for breach of contract, breach of warranty, misrepresentation or any other litigation or pre-litigation claim;

(i)     the postpetition agent and the postpetition lenders under the DIP Facility;

(j)     the agents and lenders under (i) that certain First Lien Term Loan Credit Agreement (as amended and restated on January 27, 2006 and May 8, 2007, the "First Lien Term Loan Agreement"), (ii) that certain Second Lien Term Loan Agreement (as amended and restated on January 27, 2006 and May 8, 2007, the "Second Lien Term Loan Agreement") and (iii) that certain Revolving Credit Agreement (as amended and restated on January 27, 2006 and February 26, 2008, the "Revolving ABL Agreement," and, together with the First Lien Term Loan Agreement and the Second Lien Term Loan Agreement, the "Loan Agreements") with respect to the repayment by the Debtor of principal, interest and other applicable fees, charges or other claims on or under the Loan Agreements; provided, however, that any person or entity that wishes to assert a claim arising out of or relating to the Loan Agreements, other than a claim for the repayment by the Debtor of principal, interest and other applicable fees, charges or other claims on or under the Loan Agreements, will be required to file a proof of claim on or before the General Bar Date; provided further, however, that notwithstanding this paragraph, the agents and lenders under the Loan Agreements will be required to abide by any claims reconciliation process implemented in the CCAA Cases and their obligations thereunder, including any requirement to file a proof of claim in the CCAA Cases; and

K&E 16818131.2

(k)     the agents and lenders under (i) the ISDA 2002 Master Agreement, dated as of May 16, 2005 between White Birch Paper Company and The Toronto-Dominion-Bank (the "TD Swap Agreement"), (ii) the ISDA Master Agreement, dated as of April 13, 2005, between White Birch Paper Company and Credit Suisse First Boston International (the "CS Swap Agreement") and (iii) the ISDA Master Agreement, dated as of May 8, 2007, between White Birch Paper Company and Merrill Lynch Capital Services, Inc. (the "ML Swap Agreement," and, together with the TD Swap Agreement and the CS Swap Agreement, the "Swap Agreements") with respect to the repayment by the Debtor of principal, interest and other applicable fees, charges or other claims on or under the Swap Agreements; provided, however, that any person or entity that wishes to assert a claim arising out of or relating to the Swap Agreements, other than a claim for the repayment by the Debtor of principal, interest and other applicable fees, charges or other claims on or under the Swap Agreements, will be required to file a proof of claim on or before the General Bar Date; provided further, however, that notwithstanding this paragraph, the agents and lenders under the Swap Agreements will be required to abide by any claims reconciliation process implemented in the CCAA Cases and their obligations thereunder, including any requirement to file a proof of claim in the CCAA Cases.

## E.     Requirements for Preparing and Filing Proofs of Claim

9.      The following requirements shall apply with respect to filing and preparing each proof of claim:

(a)     each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used); (iii) conform substantially with the Claim Form provided by the Debtor; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b)     only original proofs of claim will be deemed acceptable for purposes of claims administration; copies of proofs of claim or proofs of claim sent by facsimile, electronic mail or telecopy will not be accepted;

(c)     each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, then upon prior written consent of the Debtor's counsel (via electronic mail or otherwise), such proof of claim may include a summary of such documentation; provided, however, that any creditor that received such written consent shall be required to transmit such documentation to the Debtor's counsel upon request no later than 14 days from the date of such request; and

K&E 16818131.2

(d)     each proof of claim must be sent, together with supporting documentation, by United States mail, overnight mail or other hand delivery service, so as to be **actually received** by GCG on or before the applicable Bar Date at one of the following address:

If by first-class mail:

> The Garden City Group, Inc.
> Attn.: Bear Island Claims Processing
> P.O. Box 9550
> Dublin, Ohio 43017-4850

If by hand delivery or overnight mail:

> The Garden City Group, Inc.
> Attn.: Bear Island Claims Processing
> 5151 Blazer Parkway, Suite A
> Dublin, Ohio 43017

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

**F.      Failure to File a Proof of Claim**

10.     Any person or entity who is required, but fails, to file a proof of claim in accordance with the terms of this Bar Date Order on or before the applicable Bar Date shall be: (a) forever barred, estopped and enjoined from asserting such claim against the Debtor (or filing a proof of claim with respect thereto) and, moreover, the Debtor shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim and (b) prohibited from voting to accept or reject any plan of reorganization filed in the Debtor's chapter 11 case or participating in any distribution on account of such claim or receive further notices regarding such claim.

<u>**Procedures for Providing Notice of the Bar Date**</u>

**A.      Mailing of Bar Date Notices**

11.     No later than five business days after the date the Court enters this Bar Date Order, with the assistance of GCG, the Debtor shall send the Bar Date Notice, substantially in

7

the form attached hereto as **Exhibit 2**, by first class United States mail with postage prepaid on all known persons or entities holding potential prepetition claims, including:

(a)     the U.S. Trustee;

(b)     counsel for the Committee;

(c)     counsel to the agent under the DIP Facility;

(d)     counsel to the agent under the First Lien Term Loan Agreement;

(e)     counsel to the majority lenders under the Second Lien Term Loan Agreement;

(f)     counsel to the counterparties under the Swap Agreements;

(g)     the Monitor;

(h)     the Internal Revenue Service;

(i)     the Securities and Exchange Commission;

(j)     the Virginia Secretary of State;

(k)     the Virginia Secretary of Treasury;

(l)     all persons or entities that have requested notice of the proceedings in this chapter 11 case;

(m)     all persons or entities that have filed proofs of claim against the Debtor, if any;

(n)     all creditors and other known holders of claims against the Debtor as of the date of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims against the Debtor;

(o)     all parties to executory contracts and unexpired leases listed on the Schedules;

(p)     all parties to litigation with the Debtor, if any; and

(q)     all current employees and former employees (to the extent that contact information for former employees is available in the Debtor's records).

12.     The Debtor shall provide each of the creditors listed on the Debtor's Schedules with a personalized Claim Form, which will indicate how the Debtor has scheduled the creditor's

claim in the Schedules, including: (a) the amount of the scheduled claim, if any; (b) whether the claim is listed as contingent, unliquidated or disputed; and (c) whether the claim is listed as secured, unsecured priority or unsecured non-priority. Each creditor shall have an opportunity to inspect the Claim Form provided by the Debtor and correct any information that is missing or incomplete. Additionally, any creditor may choose to submit a proof of claim on a different form; provided, however, that such proof of claim form must be **substantially similar** to the Claim Form.

13.    After the initial mailing of the actual notice, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential claimants become known as the result of the General Bar Date noticing process. In this regard, the Debtor may make supplemental mailings of the Bar Date Notice in these and similar circumstances at any time up to 28 days in advance of the General Bar Date, with any such mailings being deemed timely and the General Bar Date being applicable to the recipient creditors.

14.    The Debtor shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to its known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

**B.     Publication of Bar Date Notices**

15.    The Debtor shall give notice of the General and Governmental Bar Dates, substantially in the form attached hereto as **Exhibit 3**, by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtor and creditors whose identities are known but whose addresses are unknown by the

Debtor. Specifically, the Debtor shall cause the publication of the Publication Notice on one occasion in <u>The Wall Street Journal</u> and the <u>Richmond Times-Dispatch</u> on or before June 7, 2010.

### **Miscellaneous Provisions**

16.     The Bar Date Notice, the Publication Notice and any supplemental notices that the Debtor may send from time to time as set forth in this Bar Date Order constitute adequate and sufficient notice of each of the respective Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

17.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Bar Date Order.

18.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of this order.

19.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.


Dated: _____, 2010
        Richmond, Virginia                    _____
                                              Chief Judge Douglas O. Tice, Jr.
                                              United States Bankruptcy Judge

K&E 16818131.2

I ASK FOR THIS:

*/s/ Jonathan L. Hauser*
Jonathan L. Hauser
VSB No. 18688
**TROUTMAN SANDERS LLP**
222 Central Park Avenue
Suite 2000
Virginia Beach, Virginia 23462
Telephone:    (757) 687-7768
Facsimile:    (757) 687-1505

- and -

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Christopher J. Marcus (admitted *pro hac vice*)
Michael A. Cohen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Attorneys for the Debtor and*
*Debtor in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Jonathan L. Hauser*

K&E 16818131.2

**Exhibit 1** to **Exhibit A**

**Claim Form**



| **UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA** | **PROOF OF CLAIM** |
|---|---|

**Name of Debtor:**   Bear Island Paper Company, L.L.C.     **Case No.** 10-31202

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case, but may be used for purposes of asserting a claim under 11 U.S.C. § 503(b)(9) (see item 6). All other requests for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Your Claim is Scheduled As Follows:**

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

☐   Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
*(If known)*

Filed on:_____

Telephone number:
Email Address:

Name and address where payment should be sent (if different from above):

☐   Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐   Check this box if you are the debtor or trustee in this case.

Telephone number:

If an amount is identified above, you have a claim scheduled by the Debtor as shown. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

**1. Amount of Claim as of Date Case Filed:**                 $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐   Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:**  ☐  Real Estate   ☐  Motor Vehicle   ☐  Equipment   ☐  Other
   Describe:
   **Value of Property:**$_____   **Annual Interest Rate**___%

   **Amount of arrearage and other charges as of time case filed included in secured claim,**

   if any: $_____   **Basis for perfection:** _____

   **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before February 24, 2010, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $_____

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction # 8 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain in an attachment.

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐   Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐   Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐   Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐   Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐   Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐   Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**FOR COURT USE ONLY**

Date:_____   Signature:_____   Printed Name:_____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
**Modified B10 (GCG)**

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules. The attorneys for the Debtor and its Court-appointed claims agent, The Garden City Group, Inc., are not authorized and are not providing you with any legal advice.*

PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL**: THE GARDEN CITY GROUP, INC., ATTN: BEAR ISLAND CLAIMS PROCESSING, P.O. BOX 9550, DUBLIN, OHIO 43017-4850. **IF BY HAND OR OVERNIGHT COURIER**: THE GARDEN CITY GROUP, INC., ATTN: BEAR ISLAND CLAIMS PROCESSING, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OHIO 43017. **ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

**THE GENERAL BAR DATE IN THIS CHAPTER 11 CASE IS JULY 6, 2020 AT 5:00 P.M. (PREVAILING EASTERN TIME).**
**THE GOVERNMENTAL BAR DATE IN THIS CHAPTER 11 CASE IS AUGUST 23, 2010 AT 5:00 P.M. (PREVAILING EASTERN TIME).**

**Court, Name of Debtor, and Case Number:**
This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. Please provide us with a valid email address. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 or 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the debtor, trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See

DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before February 24, 2010, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You may also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with The Garden City Group, Inc. as described in the instructions above and in the Bar Date Notice.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Section 503(b)(9) Claim**
A Section 503(b)(9) claim is a claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of a bankruptcy case in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, please provide a stamped self-addressed envelope and a copy of this proof of claim when you file the original claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## Exhibit 2 to Exhibit A

## Bar Date Notice

Jonathan L. Hauser
VSB No. 18688
TROUTMAN SANDERS LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, Virginia 23462
Telephone:    (757) 687-7768
Facsimile:    (757) 687-1505

Richard M. Cieri (admitted *pro hac vice*)
Christopher J. Marcus (admitted *pro hac vice*)
Michael A. Cohen (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Attorneys for the Debtor and
Debtor in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BEAR ISLAND PAPER COMPANY, L.L.C.,[1] | ) | Case No. 10-31202 (DOT) |
| | ) | |
| Debtor. | ) | |

## NOTICE OF DATES BY WHICH PARTIES MUST FILE PROOFS OF CLAIM
## AND PROCEDURES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTOR

**PLEASE TAKE NOTICE THAT** Bear Island Paper Company, L.L.C., as a debtor and debtor in possession in the above-captioned matter ("Bear Island" or "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court") on February 24, 2010 (the "Petition Date").

**PLEASE TAKE FURTHER NOTICE THAT** on April 30, 2010, Bear Island filed the *Motion of Bear Island Paper Company, L.L.C. for Entry of an Order (A) Establishing Bar Dates for Filing Proofs of Claim, Including for Claims Pursuant to Section 503(B)(9) of the Bankruptcy Code; (B) Approving the Form and Manner for Filing Proofs of Claim; and (C) Approving Notice of the Bar Dates* [Docket No. 236] (the "Bar Date Motion"). On _____, the Court entered an order approving the Bar Date Motion [Docket No. ___] (the "Bar Date Order") and establishing certain dates (collectively, the "Bar Dates," and, individually, each a "Bar Date") by which parties holding claims[2] against the Debtor that arose

---

[1]    The last four digits of the Debtor's federal tax identification number are 0914. The principal address for the Debtor is 10026 Old Ridge Road, Ashland, Virginia 23005.

[2]    Except as otherwise defined herein, in the Bar Date Motion or in the Bar Date Order, all terms used in this notice that are specifically defined in the Bankruptcy Code shall have the meanings ascribed to such terms by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the

(or are deemed to have arisen) before the Petition Date must file proofs of claim against the Debtor. **Each date is expressly set forth below**.

---

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST THE DEBTOR IN THE ABOVE-CAPTIONED CHAPTER 11 CASE. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

---

### Background to the Debtor's Chapter 11 Case

A. **General Information About the Debtor's Case.** The Debtor's case is being administered under case number 10-31202. No request for the appointment of a trustee or examiner has been made in this chapter 11 case. On March 3, 2010, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") appointed an official committee of unsecured creditors, which was reconstituted on April 6, 2010.

B. **Access to Proof of Claim Forms and Additional Information.** If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Motion, Bar Date Order, proof of claim form or related documents (and/or any other pleadings filed in the Debtor's chapter 11 case) you may do so by: (i) calling the Debtor's restructuring hotline at (888) 232-0287; (ii) visiting the Debtor's restructuring website, available at: www.gardencitygroup.com/cases/bip; (iii) writing to the Debtor's claims and notice agent, The Garden City Group, Inc., Attn.: Bear Island Claims Processing, P.O. Box 9550, Dublin, Ohio 43017-4850; and/or (iv) visiting the website maintained by the official committee of unsecured creditors, available at www.bearislandcommittee.com. Please note that The Garden City Group, Inc. ("GCG") can **not** advise you how to file, or whether you should file, a proof of claim. A holder of a potential claim against the Debtor may wish to consult an attorney regarding any matters not covered by this notice.

C. **Information Regarding the Canadian Proceedings.** Simultaneously with the commencement of the Debtor's chapter 11 case, the Debtor's indirect parent -- White Birch Holding Company -- and ten of White Birch Paper Holding's direct and indirect Canadian subsidiaries (collectively the "CCAA Applicants") sought relief under the *Companies' Creditors Arrangement Act* in the Quebec Superior Court of Justice in Montreal, Quebec, Canada (the "CCAA Cases").[3] Those creditors who may hold claims against the CCAA Applicants should review the website of the monitor appointed in the CCAA Cases (the "Monitor"). The Monitor's website, available at

---

Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[3]  The CCAA Applicants include (a) WB Holding, (b) White Birch Paper Company, (c) Stadacona General Partner Inc., (d) Black Spruce Paper Inc., (e) F.F. Soucy General Partner Inc., (f) 3120772 Nova Scotia Company, (g) Arrimage De Gros Cacouna Inc., (h) Papier Masson Ltee, (i) Stadacona Limited Partnership, (j) F.F. Soucy Limited Partnership and (k) F.F. Soucy Inc. & Partners, Limited Partnership.

http://documentcentre.eycan.com/Pages/Main.aspx?SID=128, should provide potential claimants with the information necessary to allow a review of the relevant procedures for filing a proof of claim in the CCAA Cases.

### Schedules of Assets and Liabilities

On March 31, 2010, the Debtor filed its *Schedules of Assets and Liabilities for Bear Island Paper Company, L.L.C. and Statement of Financial Affairs for Bear Island Paper Company, L.L.C.* (collectively, the "Schedules") [Docket No. 172]. The Debtor's Schedules and the Bar Date Order may be examined and inspected by interested parties during (a) regular business hours at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 or (b) posted hours at the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Eastern District of Virginia, 701 East Broad Street, Richmond, Virginia 23219. The Debtor's Schedules and the Bar Date Order are also available online and free of charge at www.gardencitygroup.com/cases/bip.

### Bar Dates Approved by the Court

The Court has established the following Bar Dates as those dates by which parties holding claims against the Debtor that arose (or that are deemed to have arisen) before the Petition Date <u>must</u> file proofs of claim so that they are **actually received** by GCG:

| | |
|---|---|
| **General Bar Date:** | **July 6, 2010 at 5:00 p.m. prevailing Eastern Time**, is the date by which <u>all entities</u> except governmental units (including, among others, individual persons, estates, trusts, partnerships and corporations) must file proofs of claim. |
| **Governmental Bar Date:** | **August 23, 2010 at 5:00 p.m. prevailing Eastern Time**, is the date by which all governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) must file proofs of claim. |

### Parties Required To File Proofs of Claim

A. **Definition of Claim.** Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

B. **Parties Who Must File Proofs of Claim.** Except as otherwise set forth herein, the following persons or entities holding claims against the Debtor that arose (or are deemed to have arisen) before the Petition Date <u>must</u> file proofs of claim on or before the applicable Bar Date:

3

(a) any person or entity whose claim against the Debtor is not listed in the Debtor's Schedules or is listed on such Schedules as contingent, unliquidated or disputed;

(b) any person or entity who desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

(c) any person or entity who believes that their claim is improperly classified in the Debtor's Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount; and

(d) any person or entity asserting an administrative expense claim under section 503(b)(9) of the Bankruptcy Code or an administrative priority claim under section 507(a) of the Bankruptcy Code.

**C.    Parties Who Do Not Need To File Proofs of Claim.** Certain parties are not required to file proofs of claim. The following persons or entities holding claims that would otherwise be subject to the applicable Bar Date need **not** file proofs of claim:

(a) any person or entity that has already filed a signed proof of claim against the Debtor with either GCG or the Clerk of the Court in a form substantially similar to Official Form 10;

(b) any person or entity whose claim is listed on the Schedules, but only if (i) such claim is not scheduled as contingent, unliquidated or disputed and (ii) the claimant agrees with the amount, nature and priority of the claim as set forth on the Debtor's Schedules;

(c) a holder of a claim that has been previously allowed by order of the Court;

(d) a holder of a claim that has been paid in full by the Debtor or any other party;

(e) a holder of a claim for which a specific deadline has previously been fixed by the Court;

(f) an affiliate of the Debtor holding an intercompany claim, whether in the Chapter 15 Cases, CCAA Cases or otherwise;

(g) any current officer, director or employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business; provided, however, that a current employee must submit a proof of claim by the applicable Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation

4

and/or claims covered by the Debtor's workers' compensation insurance;

(h) a customer of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business pursuant to an existing customer program; provided, however, that a customer must submit a proof of claim by the applicable Bar Date if its claim relates to damages arising from claims for breach of contract, breach of warranty, misrepresentation or any other litigation or pre-litigation claim;

(i) the postpetition agent and the postpetition lenders under the Debtor's postpetition secured credit facility, pursuant to the order approving such secured credit facility [Docket No. 171];

(j) the agents and lenders under (i) that certain First Lien Term Loan Credit Agreement (as amended and restated on January 27, 2006 and May 8, 2007, the "First Lien Term Loan Agreement"), (ii) that certain Second Lien Term Loan Agreement (as amended and restated on January 27, 2006 and May 8, 2007, the "Second Lien Term Loan Agreement") and (iii) that certain Revolving Credit Agreement (as amended and restated on January 27, 2006 and February 26, 2008, the "Revolving ABL Agreement," and, together with the First Lien Term Loan Agreement and the Second Lien Term Loan Agreement, the "Loan Agreements") with respect to the repayment by the Debtor of principal, interest and other applicable fees, charges or other claims on or under the Loan Agreements; provided, however, that any person or entity that wishes to assert a claim arising out of or relating to the Loan Agreements, other than a claim for the repayment by the Debtor of principal, interest and other applicable fees, charges or other claims on or under the Loan Agreements, will be required to file a proof of claim on or before the General Bar Date; provided further, however, that notwithstanding this paragraph, the agents and lenders under the Loan Agreements will be required to abide by any claims reconciliation process implemented in the CCAA Cases and their obligations thereunder, including any requirement to file a proof of claim in the CCAA Cases; and

(k) the agents and lenders under (i) the ISDA 2002 Master Agreement, dated as of May 16, 2005 between White Birch Paper Company and The Toronto-Dominion-Bank (the "TD Swap Agreement"), (ii) the ISDA Master Agreement, dated as of April 13, 2005, between White Birch Paper Company and Credit Suisse First Boston International (the "CS Swap Agreement") and (iii) the ISDA Master Agreement, dated as of May 8, 2007, between White Birch Paper Company and Merrill Lynch Capital Services, Inc.

(the "ML Swap Agreement," and, together with the TD Swap Agreement and the CS Swap Agreement, the "Swap Agreements") with respect to the repayment by the Debtor of principal, interest and other applicable fees, charges or other claims on or under the Swap Agreements; provided, however, that any person or entity that wishes to assert a claim arising out of or relating to the Swap Agreements, other than a claim for the repayment by the Debtor of principal, interest and other applicable fees, charges or other claims on or under the Swap Agreements, will be required to file a proof of claim on or before the General Bar Date; provided further, however, that notwithstanding this paragraph, the agents and lenders under the Swap Agreements will be required to abide by any claims reconciliation process implemented in the CCAA Cases and their obligations thereunder, including any requirement to file a proof of claim in the CCAA Cases.

### Instructions for Filing Proofs of Claim

A.  **Contents of Proofs of Claim.** Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used); (iii) conform substantially with the claim form provided by the Debtor; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) be an original proof of claim (photocopies, electronic mail or facsimile will not be accepted).

B.  **Supporting Documentation.** Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, then upon prior written consent of the Debtor's counsel (via electronic mail or otherwise), such proof of claim may include a summary of such documentation; provided, however, that any creditor that received such written consent shall be required to transmit such documentation to the Debtor's counsel upon request no later than 14 days from the date of such request.

C.  **Timely Service.** Each proof of claim must be sent, together with supporting documentation, by United States mail, overnight mail or other hand delivery service, so as to be actually received by GCG no later than **July 6, 2010 prevailing Eastern Time**, on or before the applicable Bar Date (or, where applicable, on or before any other Bar Dates set forth in the Bar Date Order) at one of the following address:

    If by first-class mail:

        The Garden City Group, Inc.
        Attn.: Bear Island Claims Processing
        P.O. Box 9550
        Dublin, Ohio 43017-4850

6

If by hand delivery or overnight mail:

The Garden City Group, Inc.
Attn.: Bear Island Claims Processing
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE
OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

**Receipt of Service.** Claimants wishing to receive acknowledgment that their proofs of claim were received by GCG must submit (i) a copy of the proof of claim and (ii) a self-addressed, stamped envelope.

## Consequences of Failing to Timely File Your Proof of Claim

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required to, but fails, file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

➢ **YOU WILL BE FOREVER BARRED FROM ASSERTING THAT CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO IT);**

➢ **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM;**

➢ **THE DEBTOR AND ITS PROPERTY WILL BE DISCHARGED FROM ANY AND ALL LIABILITY WITH RESPECT TO THAT CLAIM; AND**

➢ **YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION FOR THE DEBTOR ON ACCOUNT OF THESE BARRED CLAIMS.**

## Amendments to the Debtor's Schedules

A. **Amendments to Schedules.** In the event the Debtor amends its Schedules after the date of this notice, the Debtor will provide notice of the amendment to holders of claims that are affected by the amendment, and such parties will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice.

B. **Amended Schedule Bar Date.** The Court has approved the later of (i) the Bar Date or (ii) 30 days from the date on which the Debtor provided notice of the amendment to the Schedules as the date by which claimants holding claims affected by the amendment must file proofs of claim with respect to such claim.

7

## Parties to the Debtor's Leases and Executory Contracts

**A.**    **Rejection of Leases and Contracts.**    The Bankruptcy Code provides that the Debtor may, at any time before a plan of reorganization is confirmed by the Court, choose to reject certain executory contracts or unexpired leases.  If your contract or lease is rejected, you may have a claim resulting from that rejection.

**B.**    **Proofs of Claim Relating to Rejection Damages.**    The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the Bar Date or (b) 30 days from the date of the entry of an order authorizing the Debtor to reject a contract or lease (or another time period as may be set forth in the applicable rejection order).

## Reservation of Rights

Nothing contained in this notice is intended to, or should be construed as, a waiver of the Debtor's right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules.

8

Dated: May ___, 2010
      Richmond, Virginia

**BEAR ISLAND PAPER COMPANY, L.L.C.**

By: _____

           Of Counsel

Jonathan L. Hauser, Esquire
VSB No. 18688
Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, Virginia 23462
Telephone:    (757) 687-7768
Facsimile:    (757) 687-1505

    - and -

Richard M. Cieri (admitted *pro hac vice*)
Christopher J. Marcus (admitted *pro hac vice*)
Michael A. Cohen (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Attorneys for the Debtor and*
*Debtor in Possession*

K&E 16818131.2

**Exhibit 3** to **Exhibit A**

**Proposed Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BEAR ISLAND PAPER COMPANY, L.L.C.,[8] | ) | Case No. 10-31202 (DOT) |
|  | ) |  |
| Debtor. | ) |  |

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM

---

**THE GENERAL BAR DATE IS JULY 6, 2010
AT 5:00 P.M. PREVAILING EASTERN TIME.**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**Entry of the Bar Date Order**. On _____, the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division entered an order [Docket No. ___] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 11 case of Bear Island Paper Company, L.L.C., as a debtor and debtor in possession (the "Debtor").

---

EXCEPT AS TO CERTAIN EXCEPTIONS EXPLICITLY SET FORTH IN THE BAR DATE ORDER, ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE GENERAL BAR DATE OR GOVERNMENTAL BAR DATE SHALL BE: **(1) FOREVER BARRED FROM ASSERTING THAT CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO THAT CLAIM) AND THE DEBTOR AND ITS PROPERTY WILL BE DISCHARGED FROM ANY AND ALL LIABILITY WITH RESPECT TO THAT CLAIM; (2) BARRED FROM RECEIVING ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND (3) PROHIBITED FROM VOTING ON ANY PLAN OF REORGANIZATION FOR THE DEBTOR WITH RESPECT TO THAT CLAIM.**

---

**Who Must File a Proof of Claim**. Pursuant to the Bar Date Order, <u>all</u> persons and entities except for governmental units, including individuals, partnerships, estates and trusts who have a claim or potential claim against the Debtor that arose before February 24, 2010, no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **5:00 p.m. prevailing Eastern Time, on July 6, 2010** (the "General Bar Date"). Governmental units that have a claim or potential claim against the Debtor that arose before February 24, 2010, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **5:00 p.m. prevailing Eastern Time, on August 23, 2010** (the "Governmental Bar Date").

---

[8]  The last four digits of the Debtor's federal tax identification number are 0914.  The principal address for the Debtor is 10026 Old Ridge Road, Ashland, Virginia 23005.

**Filing a Proof of Claim**. Each <u>original</u> proof of claim must be sent, <u>together with</u> supporting documentation, by <u>U.S. mail, overnight mail or other hand delivery service</u>, so as to be **actually received** by the Debtor's notice and claims agent on or before the General Bar Date or the Governmental Bar Date at the one of the following address. If by first-class mail: The Garden City Group, Inc., Attn.: Bear Island Claims Processing, P.O. Box 9550, Dublin, Ohio 43017-4850. If by Hand Delivery or Overnight mail: The Garden City Group, Inc. Attn.: Bear Island Claims Processing, 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017. **Proofs of claim sent by facsimile or telecopy will NOT be accepted**.

**Contents of Proofs of Claim**. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used); (iii) conform substantially with the claim form provided by the Debtor; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant (and the proof of claim bearing the original signature must be filed); and (v) include as attachments any and all supporting documentation on which the claim is based.

**Additional Information**. If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for filing proofs of claim), a proof of claim form or related documents you may do so by: (i) calling the Debtor's restructuring hotline at (888) 232-0287; (ii) visiting the Debtor's restructuring website at: www.gardencitygroup.com/cases/bip; (iii) writing to The Garden City Group, Inc. Attn.: Bear Island Claims Processing, P.O. Box 9550, Dublin, Ohio 43017-4850; and/or (iv) visiting the website maintained by the official committee of unsecured creditors, available at www.bearislandcommittee.com. **Please note** that GCG can **not** advise you how to file, or whether you should file, a proof of claim.

**Information Regarding the Canadian Proceedings**. Simultaneously with the commencement of the Debtor's chapter 11 case, the Debtor's indirect parent -- White Birch Paper Holding Company -- and ten of its direct and indirect Canadian subsidiaries (collectively the "CCAA Applicants") sought relief under the *Companies' Creditors Arrangement Act* in the Quebec Superior Court of Justice in Montreal, Quebec, Canada (the "CCAA Cases"). The CCAA Applicants include (a) White Birch Paper Holding Company, (b) White Birch Paper Company, (c) Stadacona General Partner Inc., (d) Black Spruce Paper Inc., (e) F.F. Soucy General Partner Inc., (f) 3120772 Nova Scotia Company, (g) Arrimage De Gros Cacouna Inc., (h) Papier Masson Ltee, (i) Stadacona Limited Partnership, (j) F.F. Soucy Limited Partnership and (k) F.F. Soucy Inc. & Partners, Limited Partnership. Those creditors who may hold claims against the CCAA Applicants should review the website of the monitor appointed in the CCAA Cases (the "Monitor"). The Monitor's website, available at http://documentcentre.eycan.com/Pages/Main.aspx?SID=128, should provide potential claimants with the information necessary to allow a review of the relevant procedures for filing a proof of claim in the CCAA Cases.

K&E 16818131.2