**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BEAR ISLAND PAPER COMPANY, L.L.C., | ) | Case No. 10-31202 (DOT) |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**NOTICE OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO AMEND DIP ORDER**

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "Committee") of Bear Island Paper Company, L.L.C. (the "Debtor") has filed the *Motion of the Official Committee of Unsecured Creditors to Amend DIP Order* (the "Motion") with the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Court").

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your views on the Motion, then by **5:00 p.m. prevailing Eastern time on August 5, 2010**, you or your attorney must:

⊠     File with the Court, at the address shown below, a written request for a hearing, or a written response pursuant to Local Bankruptcy Rule 9013-1 and the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 59] (the "Case Management Order"). If you mail your request for a hearing or written response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

Benjamin C. Ackerly, Esq.
Tyler P. Brown, Esq.
Jason W. Harbour, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8674
Fax: (804) 788-8218
backerly@hunton.com
tpbrown@hunton.com
jharbour@hunton.com

*Counsel for the Official Committee
of Unsecured Creditors*

Clerk of the Court
United States Bankruptcy Court
701 E. Broad Street, Suite 4000
Richmond, VA 23219

You must also mail a copy to:

HUNTON & WILLIAMS LLP
Benjamin C. Ackerly, Esq.
Tyler P. Brown, Esq.
Jason W. Harbour, Esq.
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

☒ Attend a hearing on the Motion scheduled to be held on **August 12, 2010 at 2:00 p.m. prevailing Eastern Time**, at the United States Bankruptcy Court, U.S. Courthouse, Chief Judge Tice's Courtroom 5100, 701 E. Broad Street, Richmond, Virginia 23219.

Under Local bankruptcy Rule 9013-1, if you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief requested therein.

Date: July 8, 2010

HUNTON & WILLIAMS LLP

 /s/ Jason W. Harbour
Benjamin C. Ackerly, Esq. (VSB No. 09120)
Tyler P. Brown, Esq. (VSB No. 28072)
Jason W. Harbour, Esq. (VSB No. 68220)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8674
Fax: (804) 788-8218

*Counsel for the Official Committee
of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BEAR ISLAND PAPER COMPANY, L.L.C., | ) | Case No. 10-31202-DOT |
| | ) | |
| Debtor. | ) | Chapter 11 |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO AMEND DIP ORDER**

The Official Committee of Unsecured Creditors (the "Committee") of Bear Island Paper Company, L.L.C. (the "Debtor") hereby moves the Court (the "Motion") for entry of an order, the proposed form of which is annexed hereto as <u>Exhibit A</u>, pursuant to Rule 60 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable in bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), amending the *Final Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. § 364, (II) Authorizing the Debtor's Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (III) Granting Adequate Protection to Prepetition Debt Lenders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364* [Docket No. 171] (the "DIP Order") to provide that the

Benjamin C. Ackerly, Esq.
Tyler P. Brown, Esq.
Jason W. Harbour, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8674
Fax: (804) 788-8218
backerly@hunton.com
tpbrown@hunton.com
jharbour@hunton.com

*Counsel for the Official Committee
of Unsecured Creditors*

Prepetition Debt Liens[1] do not include liens or security interests in the Identified Properties (as defined herein). In support of the Motion, the Committee respectfully states as follows:

## I. Jurisdiction

1. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein are Civil Rule 60 and Bankruptcy Rule 9024.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

## II. Background

5. On February 24, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its property as a debtor in possession.

6. On March 3, 2010, the Office of the United States Trustee for the Eastern District of Virginia, Richmond Division, appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

7. On March 31, 2010, this Court entered the DIP Order. The DIP Order established a deadline to challenge the amount, validity or enforceability of the Prepetition Debt Obligations or the perfection or priority of the Prepetition Debt Liens (the "Challenge Deadline").

---

[1] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the DIP Order.

### A. The Initial Challenge Deadline

8. Paragraph 31(a) of the DIP Order set the initial Challenge Deadline as seventy-five days following the filing of the Debtor's schedules and statement of financial affairs. DIP Order, ¶ 31(a). Paragraph 31(a) of the DIP Order also provided that the Challenge Deadline may be extended by agreement or pursuant to further Court order. *Id*.

9. Paragraph 31(c) of the DIP Order provided that the Committee may request and obtain extensions of the Challenge Deadline by filing such requests prior to the then current Challenge Deadline. *Id.* ¶ 31(c).

10. The Debtor filed its schedules and statement of financial affairs on March 31, 2010. Thus, the initial Challenge Deadline was June 14, 2010.

### B. The First Extension of the Challenge Deadline

11. On June 11, 2010, the Committee filed the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Extending Time to Challenge the Amount, Validity or Enforceability of the Prepetition Debt Obligations or the Perfection or Priority of the Prepetition Debt Liens* [Docket No. 302] (the "First Extension Motion").

12. On June 24, 2010, the Court entered the *Order Granting Motion of the Official Committee of Unsecured Creditors for Entry of an Order Extending Time to Challenge the Amount, Validity or Enforceability of the Prepetition Debt Obligations or the Perfection or Priority of the Prepetition Debt Liens* [Docket No. 326] (the "First Extension Order"). The First Extension Order extended the Challenge Deadline through July 9, 2010.

C. **The Second Requested Extension of the Challenge Deadline**

13. The Committee very recently completed its investigation concerning the Prepetition Debt Obligations and the Prepetition Debt Liens. The Committee has determined that the Prepetition Debt Liens asserted in the following properties (collectively, the "Identified Properties") are not properly perfected:

 (i) approximately 14.03 acres of real estate together with improvements at Tax Map Number 008 15B in Gloucester County, Virginia;

 (ii) approximately 8.412 acres of real estate together with improvements at Parcel Number 25(4)A in Richmond County, Virginia;

 (iii) approximately 0.4 acres of real estate together with improvements at Parcel Number 25-10B in Richmond County, Virginia;

 (iv) a 1995 Ford pickup with VIN number 1FTEF15N6SNA47909;

 (v) a 2004 Ford pickup with VIN number 1FTRX14W44NB68515;

 (vi) a 2003 Ford pickup with VIN number 2FTRF18W23CA82394;

 (vii) a 1993 Ford pickup with VIN number 1FTEF14N9PLA59184;

 (viii) a 1993 Ford Bronco with VIN number 1FMEU15N4PLA26674;

 (ix) any and all funds held in the Collection Account at HSBC Bank USA, N.A., which has an Account Number with 0117 as the last four digits;

 (x) any and all funds held in the Payables Disbursement Account at HSBC Bank USA, N.A., which has an Account Number with 0648 as the last four digits; and

 (xi) any and all funds held in the Payroll Disbursement Account at HSBC Bank USA, N.A., which has an Account Number with 0630 as the last four digits.[2]

---

[2] The last for digits of the Account Numbers for the Collection Account, Payables Disbursement Account and Payroll Disbursement Account were identified in Exhibit 2 to the *Order Authorizing, but Not Directing, the Debtor to (A) Continue Using Its Existing Cash Management System, Bank Accounts and Business Forms; (B) Maintain Existing*

14. In particular, the filings required to perfect liens or security interests in the real estate or the vehicles identified above in (i) through (viii) were not made. Similarly, the control agreements required to perfect liens or security interests in the cash in the accounts identified above in (ix) through (xi) do not exist. Thus, as of the Petition Date the Prepetition Debt Lenders did not have any liens or security interests in the Identified Properties.

15. After discovering that the Prepetition Debt Liens asserted in the Identified Properties are not properly perfected, the Committee discussed these issues with the Debtor and the Prepetition Senior Agent. Among other things, the Committee discussed with the Debtor and the Prepetition Senior Agent the appropriate and most efficient way to proceed. The parties discussed the expenses that would be incurred by the Debtor's estate and creditors in connection with complaints filed against, and answers filed by, the Prepetition Debt Lenders concerning the Identified Properties. The parties also discussed the expenses that would be incurred by the Debtor's estate and creditors in connection with obtaining judgments in connection with such adversary proceedings, including, without limitation, expenses associated with potential motions for default judgment and/or summary judgment motions.

16. Following the discussions with the Debtor and the Prepetition Senior Agent, the Committee determined that initiating adversary proceedings against the Prepetition Debt Lenders concerning the Identified Properties would result in substantial and unnecessary expenses for the Debtor's estate and creditors in light of the availability of obtaining appropriate relief through this Motion. Thus, the Committee determined that the appropriate and most efficient way to

---

*Investment Practices; and (C) Continue Performing Ordinary Course Intercompany Transactions* [Docket No. 213].

5

proceed is to file (i) this Motion to amend the DIP Order to provide that the Prepetition Debt Liens do not include liens or security interests in the Identified Properties; and (ii) a motion to extend the Challenge Deadline until the later of (a) the entry of a final order granting this Motion and (b) seven (7) days after the entry of an order denying this Motion (the "Second Extension Motion"). The Committee intends to file the Second Extension Motion substantially contemporaneously with this Motion.

17. Prior to filing this Motion, the Committee notified the Prepetition Senior Agent, the Prepetition Revolving Agent, The Toronto-Dominion Bank ("TD"), Credit Suisse First Boston International ("CSI") and Merrill Lynch Capital Services, Inc. ("ML"; together with TD and CSI, the "Qualified Counterparties") of the Committee's intention to file this Motion and the Second Extension Motion. In addition, because there is no Prepetition Junior Agent, prior to filing this Motion the Committee notified the majority lenders under the Prepetition Junior Credit Agreement (the "Majority Junior Lenders"; together with the Prepetition Senior Agent, the Prepetition Revolving Agent and the Qualified Counterparties, the "Contacted Lenders") of the Committee's intention to file this Motion and the Second Extension Motion.

18. As of the filing of this Motion, the Committee does not have contact information for the Prepetition Junior Lenders other than the Majority Junior Lenders (collectively, the "Minority Junior Lenders"). Thus, the Committee did not contact the Minority Junior Lenders prior to filing this Motion.

### III. Relief Requested

19. The Committee requests the entry of an order amending the DIP Order to provide that the Prepetition Debt Liens do not include liens or security interests in the Identified Properties.

### IV. Basis for Relief

20. Civil Rule 60, which Bankruptcy Rule 9024 makes applicable to this case, provides that the Court may relieve a party from an order or judgment under certain circumstances, including:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

21. The DIP Order mistakenly indicates that the Prepetition Debt Liens constitute valid, binding, enforceable and perfected liens and security interests in the assets of the Debtor identified in the Prepetition Loan Documents. DIP Order, at 6. In fact, the Prepetition Debt Liens do not constitute valid, binding, enforceable and perfected liens or security interests in the Identified Properties.

22. The actions required to perfect liens or security interests in the Identified Properties did not occur. Accordingly, the statements about the validity and perfection of the Prepetition Debt Liens are based on a mistake with respect to the Identified Properties.

23. As a result, the DIP Order inappropriately grants the Prepetition Debt Lenders perfected liens and security interests in the Identified Properties that did not exist as of the Petition Date.

24. Thus, amending the DIP Order to the limited extent requested herein is just, appropriate and authorized by Civil Rule 60(b)(1) and Civil Rule 60(b)(6).

## V. Notice

25. Notice of this Motion has been given to the Core Group and the 2002 List as required by the Case Management Procedures.[3] In light of the nature of the relief requested, the Committee submits that no further notice is required.

## VI. Waiver of Memorandum of Law

26. Pursuant to Local Rule 9013-1(G), because there are no novel issues of law presented herein, the Committee respectfully requests that the Court waive the requirement that the Committee file a separate memorandum of law in support of this Motion.

---

[3] Capitalized terms used in this paragraph but not otherwise defined herein shall have the meanings set forth in the Notice, Case Management and Administrative Procedures established by the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 59] entered on February 26, 2010.

WHEREFORE, the Committee respectfully requests that the Court (a) grant this Motion; (b) enter an order amending the DIP Order as requested herein; and (c) grant to the Committee such other and further relief as the Court may deem proper.

Richmond, Virginia
Date: July 8, 2010

HUNTON & WILLIAMS LLP

*/s/ Jason W. Harbour*
Benjamin C. Ackerly (VSB No. 09120)
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

*Counsel for Official Committee
of Unsecured Creditors*

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re: )
 )
BEAR ISLAND PAPER COMPANY, L.L.C., ) Case No. 10-31202-DOT
 )
 Debtor. ) Chapter 11

**ORDER AMENDING DIP ORDER**

Upon the motion (the "Motion")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Bear Island Paper Company, L.L.C. (the "Debtor"), for entry of an order (the "Order") amending the *Final Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing Pursuant to 11 U.S.C. § 364, (II) Authorizing the Debtor's Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (III) Granting Adequate Protection to Prepetition Debt Lenders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364* [Docket No. 171] (the "DIP Order") to provide that the Prepetition Debt Liens do not include liens or security interests in the Identified Properties, the Court finds that (i) it has subject matter jurisdiction over the matter raised in the Motion pursuant to 28 U.S.C. § 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) proper and adequate notice of the Motion and hearing thereon has been

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Benjamin C. Ackerly, Esq.
Tyler P. Brown, Esq.
Jason W. Harbour, Esq.
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8674
Fax: (804) 788-8218
backerly@hunton.com
tpbrown@hunton.com
jharbour@hunton.com

*Counsel for the Official Committee
of Unsecured Creditors*

given and no other or further notice is necessary; and (iv) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The DIP Order is amended to provide that the Prepetition Debt Liens do not include liens or security interests in the Identified Properties.

3. Any requirement that the Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G) is waived.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2010
      Richmond, Virginia

                                                United States Bankruptcy Judge

WE ASK FOR THIS:

HUNTON & WILLIAMS LLP

*/s/ Jason W. Harbour*
Benjamin C. Ackerly (VSB No. 09120)
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Riverfront Plaza, East Tower
951 East Byrd Street
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

*Counsel for Official Committee
of Unsecured Creditors*

## **LOCAL RULE 9022-1 CERTIFICATION**

I, Jason W. Harbour, hereby certify that the foregoing was served on all necessary parties pursuant to the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 59] entered in this case.

                                                                                       */s/ Jason W. Harbour*

# CERTIFICATE OF SERVICE

I hereby certify on this 8th day of July, 2010, a copy of the foregoing was (i) delivered by electronic means to all parties who receive notice in this case pursuant to the Court's CM/ECF system, and/or (ii) sent by U.S. mail, postage prepaid and/or by electronic mail to all necessary parties pursuant to the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 59] entered in this case.

    */s/ Jason W. Harbour*
Jason W. Harbour (VSB No. 68220)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Tel: (804) 788-8674
Fax: (804) 788-8218

*Counsel for the Official Committee of Unsecured Creditors*