# AMENDMENT NO. 2 TO THE ASSET SALE AGREEMENT

THIS AMENDMENT No. 2 TO THE ASSET SALE AGREEMENT (this "**Second Amendment**") is entered into as of August 31, 2010 by and among BD White Birch Investment LLC, a limited liability company organized under the Laws of Delaware ("**Purchaser**"), White Birch Paper Company, a company organized under the Laws of Nova Scotia ("**White Birch**"), and the subsidiaries of White Birch listed in Exhibit A hereto (together with White Birch, the "**Sellers**"). All capitalized terms not otherwise defined herein shall have such meanings as ascribed to them in the ASA (as defined below).

W I T N E S S E T H :

WHEREAS, Purchaser and Sellers have entered into that certain Asset Sale Agreement, dated as of August 10, 2010, as amended by the First Amendment thereto, dated as of August 23, 2010, relating to the purchase and sale of the Assets (as amended, the "**ASA**");

WHEREAS, the parties hereto wish to amend certain terms of the ASA prior to the hearings to approve the Stalking Horse and Bidding Procedures Orders, as set forth herein; and

NOW THEREFORE, in consideration of the premises and mutual covenants contained herein, the parties hereto hereby agree as follows:

1. Amendment.

    (a) A new definition is hereby added to Section 1.1 immediately prior to the definition of Owned Equipment as follows:

    "**Other Trade Payables**" means the trade payables that will be set forth on a written schedule mutually agreed to by Purchaser and Sellers, each in their sole discretion, no later than three (3) Business Days prior to the Closing."

    (b) Section 2.1.1(x) of the ASA is hereby amended by deleting the phrase "trade payables" and replacing it with the phrase "trade obligations paid prior to the Petition Date" and by inserting the following clause at the end of such section: "(such rights and claims not to be prosecuted by Purchaser or any other entity)".

    (c) Section 2.1.3(a)(i) of the ASA is hereby amended by:

    (1) inserting the following phrase immediately after "Petition Date": "which would be the type of trade obligations entitled to administrative expense priority pursuant to Section 503(b) of the U.S. Bankruptcy Code"; and

    (2) deleting the phrase "'Accounts Payable'" and replacing it with the phrase "'Accounts Payable and Accrued Liabilities'".

(d) New Sections 2.1.3(a)(vi) and 2.1.3(a)(vii) of the ASA are hereby added (and, accordingly, Sections 2.1.3(a)(vi) and 2.1.3(a)(vii) of the ASA hereby become Sections 2.1.3(a)(viii) and 2.1.3(a)(ix), respectively, of the ASA) as follows:

"(vi) the Other Trade Payables;"

"(vii) accrued and unpaid wages of Employees of the U.S. Debtor to the extent such wages are entitled to treatment as (A) administrative expenses pursuant to Section 503 of the U.S. Bankruptcy Code and/or (B) priority unsecured claims pursuant to Section 507 of the U.S. Bankruptcy Code;"

(e) Section 4.18(b) of the ASA is hereby amended and restated in its entirety as follows:

"Section 4.18(b) of the Sellers Disclosure Letter sets forth all professional advisor (including, without limitation, investment banker, broker, legal, consulting and accounting) success fees (or similar type of fees) incurred, or to be incurred, in connection with the consummation of the transactions contemplated by this Agreement."

(f) Section 5.1(c) of the ASA is hereby amended by deleting the phrase "August 31, 2010" in two instances and replacing it, in both instances, with the phrase "September 9, 2010".

(g) Section 5.1(d) of the ASA is hereby amended by deleting the phrase "September 7, 2010" and replacing it with the phrase "September 15, 2010".

(h) Section 5.1(e) of the ASA is hereby amended by deleting the phrase "September 15, 2010" in two instances and replacing it, in both instances, with the phrase "September 22, 2010".

(i) Section 5.17 of the ASA is hereby amended and restated in its entirety as follows:

"Simultaneously with the Closing, all cash owned by the Sellers shall be used, first, to pay any overage on the Cure Cost Cap, second, to pay all professional fees and expenses incurred as of the Closing and for which invoices (together with supporting detail) have been provided at Closing, third, to pay the Wind-Down Amount and, fourth, to pay amounts outstanding under the DIP Credit Agreement; provided, however, such invoices for professional fees and expenses shall only be paid to the extent approved by the applicable Court; provided, further, amounts necessary to satisfy such invoices for professional fees and expenses but for which the payment therefor has not been approved by the applicable Court shall be deposited into an escrow account for the benefit of such professionals for the payment of such fees and expenses once approved by the applicable Court and five (5) months following the Closing, any amounts remaining in the escrow account shall be returned to Purchaser."

(j) Section 9.1(b)(i) of the ASA is hereby amended by deleting the phrase "August 31, 2010" and replacing it with the phrase "September 9, 2010".

(k) Section 9.1(b)(ii) of the ASA is hereby amended by deleting the phrase "September 15, 2010" and replacing it with the phrase "September 22, 2010".

(l) The Form of Bidding Procedures attached to the ASA as Exhibit F is hereby deleted in its entirety and replaced with the Form of Bidding Procedures attached hereto as Exhibit B.

(m) The Form of Canadian Order Approving the Agreement and the Bidding Procedures attached to the ASA as Exhibit G is hereby deleted in its entirety and replaced with the Form of Canadian Order Approving the Agreement and the Bidding Procedures attached hereto as Exhibit C.

(n) The Form of U.S. Order Approving the Agreement and the Bidding Procedures attached to the ASA as Exhibit H is hereby deleted in its entirety and replaced with the Form of U.S. Order Approving the Agreement and the Bidding Procedures attached hereto as Exhibit D.

(o) The Form of Canadian Sale Order attached to the ASA as Exhibit I is hereby deleted in its entirety and replaced with the Form of Canadian Sale Order attached hereto as Exhibit E.

(p) The Form of U.S. Sale Order attached to the ASA as Exhibit J is hereby deleted in its entirety and replaced with the Form of U.S. Sale Order attached hereto as Exhibit F.

2. Full Force and Effect. The ASA shall not be amended or otherwise modified by this Second Amendment except as set forth in Section 1 of this Second Amendment. Except as amended by this Second Amendment, the ASA shall continue to be and shall remain in full force and effect in accordance with its terms, and the parties hereto hereby ratify and confirm the ASA in all respects, as amended hereby. All references to the "Agreement," "herein," "hereof," "hereunder" or words of similar import in the ASA shall be deemed to include the ASA as amended by this Second Amendment.

3. Miscellaneous. The provisions of Article X (Miscellaneous) of the ASA shall apply to this Second Amendment as if such provisions were set out herein in full and as if each reference therein to "this Agreement" included a reference to this Second Amendment.

[remainder of page intentionally left blank]

IN WITNESS WHEREOF, the parties have duly executed this Second Amendment as of the date first above written.

WHITE BIRCH PAPER COMPANY

By: _____
Name:
Title:

STADACONA GENERAL PARTNER INC.

By: _____
Name:
Title:

STADACONA L.P., by White Birch Paper Company, a General Partner

By: _____
Name:
Title:

F.F. SOUCY GENERAL PARTNER INC.

By: _____
Name:
Title:

F.F. SOUCY, INC. & PARTNERS, LIMITED PARTNERSHIP, by White Birch Paper Company, a General Partner

By: _____
Name:
Title:

F.F. SOUCY L.P., by White Birch Paper
Company, a General Partner

By:                                   
Name:
Title:


ARRIMAGE DE GROS CACOUNA INC.

By:                                   
Name:
Title:


PAPIER MASSON LTÉE

By:                                   
Name:
Title:


BEAR ISLAND PAPER COMPANY, L.L.C.

By:                                   
Name:
Title:


BD WHITE BIRCH INVESTMENT LLC

By:                                   
Name:
Title:

# Exhibit A
# White Birch Subsidiaries

- Stadacona General Partner Inc.
- Stadacona L.P.
- F.F. Soucy General Partner Inc.
- F.F. Soucy, Inc. & Partners, Limited Partnership
- F.F. Soucy L.P.
- Arrimage de Gros Cacouna Inc.
- Papier Masson Ltée.
- Bear Island Paper Company, L.L.C.

**Exhibit B**
**Form of Bidding Procedures**

SEE ATTACHED

# Exhibit C
# Form of Canadian Order Approving the Agreement and the Bidding Procedures Order

SEE ATTACHED

**Exhibit D**
**Form of U.S. Order Approving the Agreement and the Bidding Procedures Order**

SEE ATTACHED

**Exhibit E**
**Form of Canadian Sale Order**

SEE ATTACHED

**Exhibit F**
**Form of U.S. Sale Order**

SEE ATTACHED