# FIRST AMENDMENT TO SENIOR SECURED, SUPER-PRIORITY DEBTOR-IN-POSSESSION TERM LOAN CREDIT AGREEMENT

This First Amendment to Senior Secured, Super-Priority Debtor-In-Possession Term Loan Credit Agreement (this "Agreement") is entered into as of August [31], 2010, by and among WHITE BIRCH PAPER HOLDING COMPANY, an unlimited liability company organized under the laws of Nova Scotia, WHITE BIRCH PAPER COMPANY, an unlimited liability company organized under the laws of Nova Scotia ("White Birch" or the "Company"), STADACONA L.P., a limited partnership organized under the laws of Quebec ("Stadacona"), F.F. SOUCY L.P., a limited partnership organized under the laws of Quebec ("Soucy 2"), PAPIER MASSON LTÉE, a corporation organized under the laws of Canada ("Papier Masson" and together with White Birch, Stadacona and Soucy 2, the "Canadian Borrowers") and BEAR ISLAND PAPER COMPANY, L.L.C., a limited liability company organized under the laws of Virginia (the "U.S. Borrower" or "Bear Island" and together with the Canadian Borrowers, collectively as the "Borrowers"), the other Loan Parties party hereto, the Lenders party hereto, and CREDIT SUISSE AG, TORONTO BRANCH, as administrative agent (in such capacity and together with its successors, the "Administrative Agent").

WHEREAS, the Borrowers, the other Loan Parties, the Administrative Agent and the lenders party thereto from time to time (the "Lenders") have entered into that certain Senior Secured, Super-Priority Debtor-In-Possession Term Loan Credit Agreement, dated as of March 1, 2010 (as amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement"). Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Credit Agreement.

WHEREAS, the Borrowers and the other Loan Parties have requested that the Administrative Agent and Majority Lenders agree to amend certain provisions of the Credit Agreement; and

WHEREAS, the Administrative Agent and the Majority Lenders have agreed to amend certain provisions of the Credit Agreement, in each case on the terms and subject to the conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

## ARTICLE I.
## AMENDMENTS

Section 1.1  Amendments. Immediately upon the occurrence of the Effective Date, the following amendments to the Credit Agreement shall become effective as of the date hereof,

(a) Section 2.4(d) of the Credit Agreement is hereby amended and restated in its entirety as follows:

> (d) Prepayment Fee. The Borrowers agree to pay to the Administrative Agent, for the ratable benefit of the Lenders, a fee equal to 4.00% of the aggregate amount of the total Commitments

in effect on the Closing Date ($5,600,000) upon the earlier of the Maturity Date (as it may be extended) and each reduction, in whole or in part, of the Commitments. The Prepayment Fee will be waived if the Obligations are paid in full in cash simultaneously with either (i) the closing of a sale of all or substantially all of the Loan Parties' assets or (ii) the consummation of a plan of reorganization under applicable U.S. and Canadian law, to the extent such plan of reorganization, as applicable, is in form and substance approved by Prepetition Senior Lenders that hold, in the aggregate, at least two-thirds (2/3) in principal amount of the Prepetition Senior Obligations outstanding under the Prepetition Senior Credit Agreement.

(b) Section 5.19(b) of the Credit Agreement is amended as follows:

(i) The reference to "August 16, 2010" located in clause (iii) thereof is hereby replaced with "September 13, 2010".

(ii) The reference to "August 23, 2010" located in clause (iv) thereof is hereby replaced with "September 17, 2010".

(iii) The reference to "August 26, 2010" located in clause (v) thereof is hereby replaced with "September 24, 2010".

(iv) Clause (vi) is hereby amended and restated to read in its entirety as follows: "On or before November 22, 2010, the transactions contemplated in the Winning Bid made by the Winning Bidder shall have been consummated."

Section 1.2  Reservation of Rights. Except as expressly set forth in this Agreement, nothing contained in this Agreement shall, or shall be deemed to, (i) constitute a waiver of any Default or Event of Default that may heretofore or hereafter occur or have occurred and be continuing, or (ii) modify, amend, alter or affect any provision of the Credit Agreement or any other Loan Document. Except as expressly provided herein, the execution and delivery of this Agreement shall not: (i) extend the terms of the Credit Agreement or the due date of any of the Obligations; (ii) give rise to any obligation on the part of Administrative Agent or any Lender to extend, modify, alter, amend or waive any term or condition of the Credit Agreement or the other Loan Documents or otherwise prejudice any rights or remedies which the Administrative Agent and Lenders now have or may have in the future; or (iii) give rise to any defenses, setoffs, reductions or counterclaims to Administrative Agent's or any Lenders' right to compel payment of the Obligations or to otherwise enforce, exercise and enjoy the benefits of their respective rights and remedies under the Credit Agreement and the other Loan Documents.

NY\1676489.4

# ARTICLE II.
# CONDITIONS OF EFFECTIVENESS

Section 2.1  Conditions of Effectiveness. This Agreement shall be effective as of the date first above written (the "Effective Date") once this Agreement shall have been (i) executed and delivered by the Administrative Agent, the Majority Lenders, the Borrowers and each other Loan Party and (ii) approved by final order of the Canadian Court and Bankruptcy Court, in form and substance reasonably acceptable to the Administrative Agent.

# ARTICLE III.
# MISCELLANEOUS

Section 3.1  Direction to Administrative Agent. In response to a request for instruction from the Administrative Agent, the Lenders party hereto hereby instruct the Administrative Agent pursuant to Section 8.4 of the Credit Agreement to execute and deliver this Agreement and to promptly and fully consummate the transactions contemplated by this Agreement.

Section 3.2  Full Force and Effect. Except as expressly provided by this Agreement, the Credit Agreement and other Loan Documents are and shall continue to be in full force and effect and are hereby in all respects ratified and reaffirmed. Except as expressly set forth in this Agreement, no other terms and conditions of the Credit Agreement or any other Loan Document are hereby waived, amended, altered or otherwise modified. Except as expressly set forth in this Agreement, the execution, delivery and effectiveness of this Agreement shall not operate as a waiver of any right, power or remedy of any party under the Credit Agreement or any other Loan Document, nor constitute a waiver of any provision of the Credit Agreement or any other Loan Document. Upon the effectiveness of this Amendment, each reference in the Credit Agreement to "this Credit Agreement," "hereunder," "hereof," "herein" or words of similar import shall mean and be a reference to the Credit Agreement as amended hereby.

Section 3.3  GOVERNING LAW. THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE CONSTRUED IN ACCORDANCE WITH SECTION 9.11 OF THE CREDIT AGREEMENT.

Section 3.4  WAIVER OF JURY TRIAL. EACH OF THE PARTIES TO THIS AGREEMENT HEREBY IRREVOCABLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

Section 3.5  Integration. This Agreement (together with the other Loan Documents (each as amended, supplemented or otherwise modified from time to time)) sets forth in full the terms of agreement between the parties and is intended as the full, complete and exclusive contract governing the relationship between the parties with respect to the transactions contemplated herein, superseding all other discussions, promises, representations, warranties, agreements and understandings, whether written or oral, between the parties with respect thereto.

Section 3.6  No Amendment. No term of this Agreement may be waived, modified or amended except in a writing signed in accordance with Section 9.1 of the Credit Agreement.

Section 3.7  <u>Execution in Counterparts</u>.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and each of the parties hereto may execute this Agreement by signing any such counterpart. A facsimile or electronic mail transmission of this Agreement bearing a signature on behalf of a party hereto shall be legal and binding on such party.

*[SIGNATURE PAGES FOLLOW]*

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered by their proper and duly authorized officers as of the day and year first above written.

WHITE BIRCH PAPER COMPANY

By: _____/s/_____
Name:
Title:

WHITE BIRCH PAPER HOLDING COMPANY

By: _____/s/_____
Name:
Title:

STADACONA L.P., by one of its general partners, WHITE BIRCH PAPER COMPANY

By: _____/s/_____
Name:
Title:

F.F. SOUCY L.P., by one of its general partners, WHITE BIRCH PAPER COMPANY

By: _____/s/_____
Name:
Title:

BEAR ISLAND PAPER COMPANY, L.L.C.

By: _____/s/_____
Name:
Title:

PAPIER MASSON LTÉE

By: _____/s/_____
Name:
Title:

*[Signature Page to First Amendment to DIP Loan Agreement (White Birch)]*

STADACONA GENERAL PARTNER INC.

By: _____
Name:
Title:

Black Diamond CLO 2005-1 LTD.
By: Black Diamond CLO 2005-1 Adviser, L.L.C.,
As Its Collateral Manager

_____,
as a Lender

By: _____
Name: Stephen H. Deckoff
Title: Managing Principal


By: _____
Name:
Title:

Black Diamond CLO 2005-2 LTD.
By: Black Diamond CLO 2005-2 Adviser, L.L.C.,
As Its Collateral Manager

_____,
as a Lender

By: _____
Name: Stephen H. Deckoff
Title: Managing Principal


By: _____
Name:
Title:

Black Diamond CLO 2006-1 (CAYMAN) LTD.
By: Black Diamond CLO 2006-1 Adviser, L.L.C.,
As Its Collateral Manager

_____,
as a Lender

By: _____
Name: Stephen H. Deckoff
Title: Managing Principal


By: _____
Name:
Title:

BDC Finance, L.L.C.
By: BDCM Fund Adviser, L.L.C.,
Its Investment Manager

_____,
as a Lender

By: _____
Name: Stephen H. Deckoff
Title: Managing Principal

By: _____
Name:
Title:

BDCM Opportunity Fund II, L.P.
By: BDCM Opportunity Fund II Adviser, L.L.C.
Its Investment Manager

_____,
as a Lender

By: _____
Name: Stephen H. Deckoff
Title: Managing Principal


By: _____
Name:
Title:

Mariner LDC
By: Mariner Investment Group,
   as Investment Advisor
_____,
as a Lender

By: _____/s/_____
Name:
Title:  Charles R. Howe II
        President

By: _____
Name:
Title:

Caspian Solitude Master Fund, L.P.
By: Mariner Investment Group LLC,
as Investment Advisor

_____,
as a Lender

By: _____/s/_____
Name: Charles R. Howe II
Title: President

By: _____
Name:
Title:

*[Signature Page to First Amendment to DIP Loan Agreement (White Birch)]*

NY\1676489.4

**Caspian Alpha Long Credit Fund, L.P.
By: Mariner Investment Group LLC,
as Investment Advisor**

_____,
as a Lender

By: _____/s/_____
Name:
Title:  **Charles R. Howe II
President**

By: _____
Name:
Title:

Caspian Corporate Loan Fund, LLC
By: Mariner Investment Group LLC,
as Investment Advisor

_____,
as a Lender

By: _____/s/_____
Name:
Title: **Charles R. Howe II**
**President**

By: _____
Name:
Title:

*[Signature Page to First Amendment to DIP Loan Agreement (White Birch)]*

NY\1676489.4

Caspian Select Credit Master Fund, Ltd.
By: Mariner Investment Group,
   as Investment Advisor,
as a Lender

By: ／signature／
Name:
Title: **Charles R. Howe II
President**

By: _____
Name:
Title:

*[Signature Page to First Amendment to DIP Loan Agreement (White Birch)]*

Caspian Capital Partners, L.P.
By: Mariner Investment Group,
 as Investment Advisor
_____,
as a Lender

By: _____/s/_____
Name:
Title: **Charles R. Howe II**
**President**

By: _____
Name:
Title:

CREDIT SUISSE LOAN FUNDING LLC,
as a Lender

By: _____
Name: Ian Landow
Title: Authorized Signatory

By: _____
Name: David Fitzgerald
Title: Authorized Signatory

*[Signature Page to First Amendment to DIP Loan Agreement (White Birch)]*

CREDIT SUISSE AG, TORONTO BRANCH,
as Administrative Agent

By: _____  Alain Daoust
Name:                        Director
Title:

By: _____
Name:   Bruce F. Wetherly
Title:  Director and
        Principal Officer

*[Signature Page to First Amendment to DIP Loan Agreement (White Birch)]*

NY\1676489.4