**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

BEAR ISLAND PAPER COMPANY, L.L.C.,

    Debtor.

Case No. 10-31202 (DOT)

Chapter 11

**ORACLE'S OPPOSITION TO AND RIGHTS RESERVATION REGARDING
(1) DEBTOR'S MOTION FOR AN ORDER APPROVING THE SALE OF
SUBSTANTIALLY ALL OF THE WB GROUP'S ASSETS AND (2) NOTICE OF
PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND
UNEXPIRED LEASES ("OPPOSITION")**

Oracle America, Inc., successor in interest to Oracle USA, Inc., J.D. Edwards and Oracle Corporation ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 case, submits this Opposition to Bear Island Paper Company, L.L.C.'s ("Debtor") Motion for an Order Approving the Sale of Substantially All of the WB Group's Assets ("Sale Motion") and Notice of Proposed Assumption and Assignment of Certain Contracts and Unexpired Leases ("Assumption Notice"). In support of the Opposition, Oracle submits:

**I.    INTRODUCTION**

In connection with the Sale Motion, the Debtor filed and served the Assumption Notice on those contract counter-parties whose contracts may be assumed and assigned pursuant to the Sale Motion. Oracle USA, Inc. is identified among the contract counter-parties with contracts to be assumed and assigned through the Sale Motion. The Assumption Notice describes the Oracle contract only as a "Services Agreement" and reflects a $900.00 cure amount. No date or title of

| | | |
|---|---|---|
| Roy M. Terry, Jr., VSB No.: 17764<br>John C. Smith, VSB No. 44556<br>Elizabeth L. Gunn, VSB No.: 71044<br>600 East Main Street, 20th Floor<br>Richmond, VA 23219<br>(804) 775-6900<br>Local Counsel for Oracle USA, Inc. | BUCHALTER NEMER P.C.<br>Shawn M. Christianson (CA #114707)<br>333 Market Street, 25th Floor<br>San Francisco, California 94105-2126<br>Telephone: (415) 227-0900<br>Facsimile: (415) 227-0770<br>Attorneys for Oracle USA, Inc. | ORACLE USA, INC.<br>DEBORAH MILLER (CSB #95527)<br>JIM MAROULIS (CSB #208316)<br>500 Oracle Parkway<br>Redwood City, California 94065<br>Telephone: (650) 506-5200<br>Facsimile: (650) 506-7114<br>Attorneys for Oracle USA, Inc. |

the targeted agreement is included, and inexplicably the Debtor omits any reference to a tandem assumption and assignment of the underlying and governing license agreement. For the Debtor to assume any Oracle support or "Services" agreement, it also must assume and assign the underlying license or licenses, should such licenses permit assignment. Until this clarification is provided, Oracle reserves the right to make a determination as to the appropriate cure amount owed under the Oracle agreements. Therefore, Oracle reserves all rights to object regarding the cure amount and the scope of the proposed assumption and assignment until all targeted contracts are identified with the requisite specificity to allow identification.

In addition, the proposed Sale Motion states that the WB Group negotiated certain transition services required from the WB Group post-closing (*see* Sale Motion @ pg. 9). No description of these services has been provided leaving Oracle unable to determine whether such transitional services include software access. Therefore, Oracle reserves all rights regarding any transitional services or any other contemplated interim use pursuant to the Sale Motion, or the Asset Purchase Agreement ("APA"), to the extent that these services, or any APA provision, contemplate ongoing use of Oracle's software by any entity other than the authorized Debtor entity. Oracle further objects to the extent that it may purport to grant to both the Debtor and CB White Birch Investment LLC (or other ultimate purchaser), rights allowing simultaneous use of, and access to, Oracle's software. This "shared" use, if contemplated, exceeds the scope of the Oracle agreements' permitted uses, and would perhaps result in an unauthorized "splitting" of the licenses between the Debtor and any transitional user of Debtor's choosing. Such a "transition" is not authorized by the Oracle agreements, and if this is what Debtor and the eventual purchaser contemplate, such an approach must be curtailed as violative of Oracle's license agreements.

There also is uncertainty regarding the Purchaser's identity. The stalking horse bidder is identified as CB White Birch Investment LLC ("CB White Birch"). The sale is subject to auction and an overbidder may emerge. Therefore, at this time, Oracle cannot evaluate with certainty either the eventual purchaser's acceptability as an assignee, or whether the prerequisites of 11 U.S.C. § 365(b) have been met. Since Oracle cannot assess how its pecuniary and proprietary

interests may be affected under the proposed sale, Oracle reserves its right to be heard on the matter once the purchaser is known.

As described below, Debtor may not assume and assign any Oracle agreements without Oracle's consent, as such contracts involve the licensing of patented and/or copyrighted materials, and Oracle does not consent to their assumption and assignment at this time. If Debtor intends that Oracle agreements will be assumed and assigned, in order to ensure adequate assurance of future performance by the ultimate purchaser, Oracle requests that Debtor, at a minimum, provide to Oracle the following information about CB White Birch or any other eventual successful bidder: (1) financial bona fides; (2) confirmation of status as a non-competitor of Oracle's; and (3) confirmation of its willingness to execute an Oracle Assignment Agreement and any related documentation identifying succinctly all of the executory contracts to be assigned. Without this information, Oracle is unable to determine the buyer's creditworthiness or suitability/ability to adequately perform, and Oracle reserves all rights to object to the purchaser until this information is known.

For these reasons, Oracle requests that the Court deny, at this time, any contemplated assignment, or provision of access under the APA, which could allow the unauthorized use and transfer of Oracle's software, including any contemplated transitional use. To the extent the Debtor seeks assumption and assignment of any Oracle executory agreements, Debtor also must pay the amounts due and owing in cure, and confirm the Purchaser's ability to perform.

## II. ARGUMENT

### A. The Debtors May Not Assume And Assign or Transfer Any Oracle Agreement, As It Pertains To A License Of Intellectual Property And Oracle Does Not Consent To The Proposed Assignment At This Time.

Section 365(c)(1) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. In re Catapult Entertainment, Inc., 165 F.3d 747 (9th Cir. 1999), cert. dismissed, 528 U.S. 924 (1999). See also, In re ANC Rental Corporation, Inc., 277 B.R. 226, 235 (Bankr. D. Del. 2002); In re Golden Books Family Entertainment, Inc., 269 B.R. 311, 316 (Bankr. D. Del. 2001). Oracle's license agreements involve the licensing of non-exclusive, patented software. At this time, Oracle does not consent to any proposed assignment, so the Oracle agreements are non-assignable. Accordingly, any intended assumption and assignment or transfer, even if "transitional," should be denied with respect to the Oracle agreements.

### B. The Sale Motion Should Be Denied With Respect To Any Oracle Agreements Because It Fails To Confirm the Ultimate Buyer/Potential Assignee's Identity.

Section 365(b) of the Bankruptcy Code sets forth specific prerequisites that must be met before a trustee/debtor can assume and assign an executory contract, including (1) curing (or providing adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) providing adequate assurance of future performance under the contract. Absent the foregoing, the executory contracts may not be assumed, or assumed and assigned.

Since the proposed sale is subject to the Debtor potentially receiving additional qualified bids, the identity of the ultimate purchaser/assignee necessarily remains unknown. Therefore, at this time, Oracle cannot determine whether: 1) the ultimate purchaser/assignee is capable of providing adequate assurance of future performance; 2) the proposed assignee is a competitor of Oracle; and 3) the purchaser is willing to enter into a standard form of Oracle Assignment Agreement and related documentation, reflecting the terms, post-assignment, of the parties' relationship. Until at least the information identified above is provided, Oracle is unable to determine whether Debtor has complied, or will comply, with the protections of section 365(b)(1)(C).

### C. The Sale Motion Should Be Denied With Respect to the Oracle Agreements Because It May Fail to Provide for Payment of Appropriate Amounts Required Prior to Pursuit of Any Assignment, Including a "Transitional" One.

If assumption and assignment is contemplated, the Debtor cannot assign the license agreement until any arrearages are tendered, for Oracle will not consent to the assignment. At this time, Oracle does not have adequate assurance that the Debtor intends to pay any amounts owed, nor, due to the inadequate description provided, can it identify the intended contracts in order to ascertain the correct sums owed. For these reasons, Oracle also now must withhold its consent to any assignment of the Oracle agreements. *See* 11 U.S.C. § 365(b)(1)(A).

Absent payment of the appropriate amounts to Oracle, the Oracle agreements may not be assumed, assumed and assigned or otherwise transferred, even on a "transitional basis." Oracle reserves its right to object to the cure until more certainty on the contract or contracts at issue is provided and the eventual purchaser is known.

## III. CONCLUSION

Debtor is prohibited from assuming and assigning or transferring any Oracle agreements in the absence of obtaining Oracle's consent pursuant to section 365(c) and applicable case law. The Debtor has failed to comply with the statutory prerequisites for assumption and assignment of any affected Oracle contracts by failing to: (1) identify the buyer with certainty so as to permit an evaluation of its ability to perform; (2) identify the contracts at issue so as to permit an evaluation of the accuracy of the resultant cure payment; and (3) provide adequate assurance of future performance. For these reasons, and all those set forth above, Oracle respectfully requests that the Court deny, at this time, Debtor's Sale Motion to the extent it includes an effort to seek assumption and assignment of any Oracle agreements, whether on a "transitional" or permanent basis.

Dated:  September 10, 2010            DURRETTEBRADSHAW PLC

/s/ Elizabeth L. Gunn
Roy M. Terry, Jr., VSB No.: 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No.: 71044
600 East Main Street, 20th Floor
Richmond, VA 23219
Telephone:  (804) 775-6900
Facsimile:  (804) 775-6911

Local Counsel for Creditor,
Oracle America, Inc.

BUCHALTER NEMER P.C.
SHAWN M. CHRISTIANSON (CSB #114707)
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone:  (415) 227-0900
Facsimile:  (415) 227-0770

ORACLE USA, INC.
DEBORAH MILLER  (CSB #95527)
JIM MAROULIS (CSB #208316)
500 Oracle Parkway
Redwood City, California  94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Oracle America, Inc.

## **Certificate of Service**

I hereby certify that on September 10, 2010, a true and accurate copy of the foregoing was served via electronic mail on all parties that receive CM/ECF notification in this case and pursuant to the Notice of Proposed Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, was further served via electronic mail on the following:

Kirkland & Ellis LLP
Attn: Christopher J. Marcus
601 Lexington Avenue
New York, New York 10022
christopher.marcus@kirkland.com

Troutman Sanders LLP
Attn: Jonathan L. Hauser
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
jonathan.hauser@troutmansanders.com

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: Kimberly A. DeBeers
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
kimberly.debeers@skadden.com

Latham & Watkins LLP
Attn: Keith A. Simon
885 Third Avenue
New York, New York 10022
keith.simon@lw.com

Hunton & Williams LLP
Attn: Benjamin C. Ackerly
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
backerly@hunton.com

Office of the U.S. Trustee
Attn: Robert B. Van Arsdale
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Robert.B.Van.Arsdale@usdoj.gov

/s/ Elizabeth L. Gunn