IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BEAR ISLAND PAPER COMPANY, L.L.C., | ) | Case No. 10-31202-DOT |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**STIPULATED ORDER GRANTING THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS STANDING TO PROSECUTE
ACTIONS ON BEHALF OF THE DEBTOR'S ESTATE**

Upon the motion (the "Motion")[1] of the Official Committee of Unsecured Creditors (the "Committee") for entry of an order, pursuant to sections 105, 1103(c)(2) and (5) and 1109(b) of the Bankruptcy Code, granting the Committee standing to commence and prosecute actions on behalf of Bear Island's estate against Brant Industries, Inc. and its owners, officers, employees and affiliates (collectively, "Brant Industries"), including, without limitation, those causes of action set forth in the draft complaint attached to the Motion as Exhibit B (the "Draft Complaint") and such other causes of action the Committee may discover following further investigation, and upon the consent of the debtor, Bear Island Paper Company, L.L.C. ("Bear Island"), to the terms of this Stipulated Order, the Court finds as follows:

    A.    The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b);

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

    C.    The relief requested in the Motion, as modified herein, is in the best interests of Bear Island's estate, Bear Island's creditors and other parties-in-interest;

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

      D.      The Committee has asserted that Bear Island has a conflict of interest in investigating and pursuing the claims identified in the Motion, and the Committee is well-equipped to investigate and pursue these claims for Bear Island's estate;

      E.      Both Bear Island and the Committee are mindful of the desire to have Bear Island's estate remain administratively solvent to allow for consummation of a plan of liquidation following the anticipated closing of the sale of substantially all of the assets of Bear Island's estate, and the parties have agreed to expressly preserve the right of Bear Island, its creditors and parties-in-interest to object to the incurrence or payment of any fees or expenses in connection with the continued pursuit of the claims described in the Motion as not being in the best interests of Bear Island's estate, its creditors or other parties-in-interest;

      F.      Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and

      G.      Good and sufficient cause exists for the granting of the relief as set forth herein. Therefore, based upon the above findings, and the stipulation of the parties,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, as modified herein.

2. The Committee is authorized and empowered to commence and prosecute actions on behalf of Bear Island's estate against Brant Industries, including, without limitation, those causes of action set forth in the Draft Complaint and such other causes of action against Brant Industries as the Committee may discover following further investigation.

3. Neither Bear Island nor any of its creditors or parties-in-interest is waiving any rights any of them have to challenge the appropriateness or reasonableness of the incurrence or payment of any fees or expenses in connection with the continued pursuit of any such claims,

including, without limitation, on the grounds that the continued incurrence or payment of such fees and expenses is not in the best interests of Bear Island's estate and its creditors.

4. Nothing herein shall limit the ability of the Committee to file a motion to seek standing to investigate or pursue other causes of action on behalf of the estate, and nothing herein shall limit the ability of Bear Island, its creditors or parties-in-interest to oppose any such motion filed by the Committee.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Richmond, Virginia

_____ ,2010

_____
United States Bankruptcy Judge

WE ASK FOR THIS:

HUNTON & WILLIAMS LLP

*/s/ Jason W. Harbour*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

*Counsel for Official Committee
of Unsecured Creditors*

## LOCAL RULE 9022-1 CERTIFICATION

I, Jason W. Harbour, hereby certify that the foregoing was served on all necessary parties pursuant to the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 59] entered in this case.

*/s/ Jason W. Harbour*